(41 South. 233.)

No. 15,932.

DREW et al. v. CAFFALL et al.

(May 21, 1906.)

1. PRINCIPAL AND AGENT—EXECUTION SALE—ACTION ON BOND.

Plaintiffs seek to hold the Citizens' Bank of Jennings as the undisclosed principal upon a 12 months bond signed by John H. Hoffmann, individually, under an adjudication made to him individually at a judicial sale.

2. SAME—EVIDENCE.

The cause of action upon which the suit is brought is not sustained by the facts shown and the evidence adduced.

Provosty, J., dissenting.

(Syllabus by the Court.)

Appeal from Fifteenth Judicial District Court, Parish of Calcasieu; Edmund Dennis Miller, Judge.

Action by H. C. Drew and others against Caffall and Dalbey, commissioners of the Citizens' Bank. Judgment for defendants, and plaintiffs appeal. Affirmed.

Léon Sugar, for appellants. Gorham & Gorham, for appellees.

### Statement of the Case.

NICHOLLS, J. This suit is brought on the petition of Henry C. Drew, the Elstner Martin Grocery Company, and Willis P. Weber; they setting out that they were judgment creditors of Thomas Lamont as recited in the pleadings. That on December 7, 1902, writs of fi. fa. were issued upon each of said judgments commanding the sheriff to seize and sell property, real and personal rights, and credits of the defendant Lamont to satisfy the respective judgments, interests, and costs. That, under said writs, the sher-

iff, among other property of Lamont, seized, on December 8, 1902, two certain dredge-boats known as the "Gamma" and "Beta," together with their barges and other appurtenances, and, after legal advertisement, offered the same for sale. That at the first offering no sale was made for want of a bidder. That on the 21st of February, 1903, they were cried off to John H. Hoffmann; he being the last and highest bidder for the sum of $3,500. That said sale was made on credit of 12 months, and the successful bidder was required to execute his 12 months bond to cover the amount of his bid less cash to cover costs.

That there was paid at or about same time the sum of $349.97 in cash to cover costs, leaving a net balance of $3,153.03 to be distributed among petitioners in proportion to their respective judgments. That, although more than 12 months had elapsed, no part of said sum had been paid, nor had said judgments been in any part satisfied. That, although said boats were cried off to John H. Hoffmann at the price aforesaid, petitioners had since learned that J. H. Hoffmann was acting as agent in the premises of the Citizens' Bank of Jennings. That said bank had recognized, affirmed, and ratified the acts of the said agent, Hoffmann. That it took possession of said property, made contracts with reference thereto, and repeatedly treated the property as its property acquired at the time and in the manner aforesaid.

That the Citizens' Bank had been placed in the hands of commissioners appointed and acting under orders of the district court. That they had recently sold the dredge Beta for $1,000 cash. That after the sale of December 21, 1903, Hoffmann is supposed to have given a 12 months bond covering the balance of the amount bid for the boats ($3,150.03); but that petitioners did not know that the bond was ever given to the sheriff, was ever executed. That, if it was, it was never delivered to petitioners or either of them, though petitioner had caused diligent search to be made for such bond in all the places where there was the least likelihood that it might be found and that such efforts had all proved unsuccessful. That the Citizens' Bank represented by said commissioners was indebted to them in the sum of $3,150.03, with legal interest from February 21, 1903, until paid. That they had a vendor's lien against the dredges Beta and Gamma and their barges, and that they were entitled to have the said dredges and their barges seized and sold to satisfy the balance due on the purchase price thereof. That said commissioners, having sold the dredge boat Beta, and having in their hands the sum of $1,000, being the price received therefor, petitioners were entitled to a special lien and privilege on the said proceeds, and were entitled to an order directing the commissioners to pay said sum of $1,000 in preference to all other creditors of the bank. They prayed for citation upon the commissioners, and that they have judgment against them in the sum of $3,150.03, with legal interest from February 21, 1903, until paid; that their vendor's lien and privilege be recognized and rendered executory; that the commissioners be ordered to pay them the $1,000, being the proceeds of the sale of the dredge-boat Beta by preference over other creditors of the bank; and that they have general relief.

The commissioners excepted that plaintiffs had no cause of action and no right of action against them. In the alternative they pleaded the general issue. They admitted that plaintiffs obtained judgments against Lamont as alleged, and that the dredge-boats Beta and Gamma were sold under 12 months bond to satisfy the execution of their judgments. They admit that Hoffmann purchased same under said 12 months bond for his own special benefit. They specially denied that Hoffmann ever purchased said dredge-boats

DREW v. CAFFALL.

as cashier of the Citizens' Bank, or ever gave his 12 months bond as cashier for said purchase, or that he was ever authorized in any manner by said bank to make said purchase on account of said bank, or that said bank ever accepted said purchase on their behalf or ever ratified the same.

They specially averred that Hoffmann from the time he made said purchase of the dredgeboats, used and operated the same for about six months for his own special account and appropriated all the revenues therefrom for his own account.

They aver that the plaintiffs are concluded and estopped by their conduct, their declarations, their pleadings, and their judicial acknowledgments and averments, and they cannot now be permitted to assume entirely different and new position for the purpose of profiting thereby and injuring the credit of the bank, which plea of estoppel they specially urged against plaintiffs' demand.

They alleged that the Citizens' Bank acquired said dredge boats in good faith in due course of business and for valuable consideration, and that they had the right to dispose of the same for the benefit of the creditors of the bank, and plaintiffs' only recourse is against Hoffmann individually, and his individual assets.

The district court rendered judgments in favor of the defendants, and plaintiffs appealed.

The plaintiffs' statement of facts in their brief is as follows:

"This suit is a sequel to the suit of Elstner-Martin Grocery Co., Ltd., et al. v. Lamont (Hoffmann, Intervener) 113 La. 894, 37 South, 868, decided by the Supreme Court in January, 1905.

"In that case, J. H. Hoffmann, intervener, asserted that he was the owner of the dredge boats that had been seized under writs of fieri facias, issued upon judgments recovered by the respective plaintiffs against their common debtor, Thomas Lamont.

"There was no injunction; Hoffmann contenting himself with a mere third opposition, claiming the proceeds of the sale.

"The judgment of the lower court, after-

116 LA.—32

wards affirmed to this honorable court, was adverse to Hoffmann's contentions.

"The property under seizure, under the said respective writs of fieri facias, failed to find a bidder upon first offering, and upon the second offering was adjudicated to J. H. Hoffmann at the price of $3,500. He paid to the sheriff in cash $349.97 covering the costs, leaving balance of $3,150.03, due at 12 months after sale.

"On February 7, 1905, the respective plaintiffs caused execution to issue as upon 12 months bond, and certain property belonging to Hoffmann was seized.

"The property was advertised, but, before sale day, Hoffmann, upon his own petition, was adjudicated a bankrupt, and the seizures fell by operation of law.

"About this time the Citizens' Bank of Jennings, La., and of which institution Hoffmann had previously been an officer, went into hands of commissioners appointed under orders of the honorable Fifteenth judicial district court for the parish of Calcasieu.

"The bank was closed on January 13, 1905, and the commissioners qualified very shortly thereafter.

"The boats were inventoried as the property of the bank, and the commissioners took charge of them.

"The commissioners subsequently sold one of the boats for $1,600, and at a later date sold the other for $1,000.

"These matters coming to their knowledge, plaintiffs began inquiry and arrived at the conclusion that the Citizens' Bank was the real party in interest in the Lamont litigation; that Hoffmann had no interest whatever; that the Lamont obligations, which he had alleged upon in the Lamont litigation, were the property of the Citizens' Bank; that, in the matter of the adjudication under plaintiffs' writ of fi. fa., the bank was the real adjudicatee; that the bank was the beneficiary, and in all respects debtor of the 12 months bond, instead of Hoffmann.

"This suit is to hold the Citizens' Bank for debt."

The following letter from plaintiffs' attorney to the sheriff is found in the transcript:

"Lake Charles, La., April 6, 1905.

"D. J. Reid, Esq., Sheriff Calcasieu Parish, La.—Dear Sir: In the matter of the sheriff's sale In re H. C. Drew vs. Thomas Lamont, Kelly, Weber & Co. vs. Thomas Lamont; Elstner Martin Grocery Co. vs. Thomas Lamont—property of J. H. Hoffmann seized under twelve months' bond and sale advertised to take place on April 18th.

"J. H. Hoffmann has been adjudicated a bankrupt. In consequence thereof we are without right to proceed with our sale and I hereby instruct you to proceed no further in so far as the sale is concerned.

"You will retain the property under seizure, however, until further orders from the plain-

tiffs in said writ or from the court of bank-ruptcy.

"Yours' respectfully,        Léon Sugar."

Filed in evidence November 13, 1905, in suit No. 5,923, and marked "D." Eugene J. Leveque, Dy. Clk.

## Opinion.

The position taken by the plaintiffs in this suit, and on which it is grounded, that the Citizens' Bank of Jennings was in point of fact the purchaser of the dredge boats at the sheriff's sale made on the 21st of February, 1905, in execution of the writs issued in plaintiffs' favor upon the judgments in their favor, although the adjudication so made was to J. H. Hoffmann, and that that bank was the real debtor on the 12-months' bond, which was executed by J. H. Hoffmann himself under the terms of his bid; in other words, that the bank was the undisclosed principal of Hoffmann in acting in the premises cannot be maintained under the evidence.

Hoffmann testified that, although the adjudication of the dredge boats was made to him, it was in reality an adjudication to the bank; that he was acting in making the purchase for and in behalf of the bank, but he does not pretend that he was authorized by the bank or its officials to do this, or that they had any knowledge either of his intention to do this, or after the sale that he had in fact done so. We give no credit whatever to his testimony. It is absolutely broken down and disproved by counter testimony. It is true that, subsequent to the judicial sale of the boats, the bank dealt with them as if their owner, when making certain contracts, and it is also true that the commissioners of the bank, after its affairs were placed in their hands, sold them as the bank's property, and that defendants in their pleadings admit and claim that they belonged to it; but this is far from establishing plaintiffs' claim that the bank held them under a title acquired at the sheriff's sale, under which circumstances the bank would have been the direct personal debtor upon the bond, and the dredges would have gone into its possession and ownership, struck by a privilege.

No such condition of things is shown by this record. If the bank has come under liability to any one by reason of its acts in regard to the dredges, it is under derivative rights, and through Hoffmann acting as their owner with the rights resulting from that situation, and not under original rights flowing directly from the sheriff's adjudication which is the issue presented by the plaintiffs as their cause of action, and the theory upon which the case was tried and the district court rendered its judgment.

This is really a direct action by plaintiffs against the bank upon the 12-months' bond alleging it to be a lost instrument, though plaintiffs' petition contains some features as attempting to deal with the bank as a "third person," who had taken possession and sold as its property the property of plaintiffs' debtor, when struck in their favor by the privilege. No steps have been taken, so far as the record shows, against Hoffmann upon the bond other than a seizure of his property, as the debtor upon the same, which seizure they still maintain, though Hoffmann has gone into bankruptcy. The facts and circumstances under which the bank took possession of the dredges, and held the title under which they were sold, are not shown by the record. No one seems to know anything about them, except Hoffmann, whose testimony, as we have seen, is discredited.

Whatever those circumstances and that title were, we are satisfied that they were under some agreement or contract with Hoffmann individually after he had purchased the dredges by which he placed the legal title thereto in the bank with the right to sell the same, and under which they have been

.sold by the commissioners. That Hoffmann consented to the legal title being placed in the bank or its president, with the right to sell, is shown by the fact that he joined in :and was party to an act by which Hall, the president of the bank, declared the dredges to be then its property and entered into a ·contingent promise of sale of the same. Under the circumstances as far as shown, and ·under the pleadings, and with the parties before the court, we do not feel justified in attempting to deal with and dispose of the rights and obligations of the parties before us otherwise than upon the cause of· action, ·on which the plaintiffs have declared.

From that standpoint, the judgment appealed from is correct, and it is hereby affirmed.

PROVOSTY, J., dissents.