LAND, J.
 

 Plaintiffs, as the holders and owners for valuable consideration of a certain, promissory note, obtained judgment in the lower court against the defendant Mrs. Ruby I. Sullivan for the balance due on said note; and the demand of plaintiffs against James. J. Sullivan, Jr., husband of Mrs. Ruby I. Sullivan, was rejected.
 

 Mrs. Sullivan has appealed.
 

 The note sued on is of date May 10,1924, is for the sum of $2,250, bears S per cent, per annum interest from maturity, and stipulates 10 per cent, attorneys’ fees. The note matures one day after date, is payable to Ben F. Key & Co., and was indorsed by said company to Ben F. Key and Mrs. Eugenia Kelley, the plaintiffs.
 

 The note is executed by James J. Sullivan,
 
 *157
 
 Jr., acting ostensibly in: his individual capacity, and is subject to a credit of $75, paid on May 10, 1924, and to a further credit of $280, paid on June 10, 1924.
 

 Ben F. Key ■& Oo. is a duly authorized and licensed-, real estate broker in the city of Shreveport. On or about May. 10, 1924, said company effected an exchange of real estate by and between Mrs. Ruby I. Sullivan and James J. Sullivan, Jr., on the one part, and Mrs. Louella McCree, on the other part, whereby James J. Sullivan, Jr., and Mrs. Ruby I. .Sullivan acquired title to lots 19 and 28 of block E of the Ingersoll Heights subdivision of the city of Shreveport.
 

 For this and other services rendered in the purchase and exchange of properties in the city of Shreveport and in Bossier City, the note sued upon was given as compensation to Ben F. Key & Co. by the defendant James J. Sullivan, Jr., acting ostensibly in his own name.
 

 The title to the Ingersoll Heights property was taken, partly in- the name of James J. Sullivan, Jr., and partly in the name of Mrs. Ruby I. Sullivan, who was formerly Mrs. Moody, a widow, and one of the Shaw heirs.
 

 On or about July 22, 1924, James J. Sullivan, Jr., placed of record in Caddo parish a correction deed, in which he recited that the title to the Ingersoll Heights property was taken in his name erroneously, and that he transferred his interest therein to his wife, Mrs. Ruby I. Sullivan.
 

 These various transactions were handled through James J. Sullivan, Jr., and Mrs. Sullivan was present on each occasion when the details were finally consummated.
 

 When the Sullivans-acquired the property in the Ingersoll Heights subdivision, consisting of a large number of negro houses, Ben F. Key & Co. collected the rent, until stopped, under ‘an agreement that the same should be applied on the note of $2,250, executed in favor of said company by John J. Sullivan, Jr. The two credits on the note sued upon arosq. from the collection of these rents by Ben F. Key & Co. under this agreement.
 

 It is shown by the evidence that James J. Sullivan, Jr., did not have any individual means. At the time of his marriage to Mrs. Moody, now Mrs. Ruby I. Sullivan, he was not receiving any salary, and was not working. He has earned nothing since his marriage, but has used the capital of his wife in trading and trafficking.
 

 It is clear, from this state of facts, that James J. Sullivan, Jr., acted in this case as the agent of his wife, an undisclosed principal, who was aware of the capacity in which he acted, and acquiesced in the various acts and transactions performed for her by her husband..
 

 It is well settled that: “Although a contract be made with one in his own name, if it be afterwards discovered that he acted as-agent for another, the principal will be held responsible.” Carlisle v. Steamer Eudora, 5 La. Ann. 15; Williams v. Winchester, 7 Mart. (N. S.) 22; Ballister v. Hamilton, 3 La. Ann. 401.
 

 Judgment was properly rendered in favor of plaintiffs against the defendant Mrs. Ruby I. Sullivan, the real principal in these transactions.
 

 Judgment affirmed.