Plaintiffs, Joseph M. Hanchey and G.C. Bailey, entered into a written contract with the defendants, Victor J. Kildair and Joe Harper, a partnership, whereby the plaintiffs agreed to furnish all labor and material and construct for the defendants a store building for the sum of $3,068, to be paid on the completion and acceptance of the building. This contract was not recorded nor was any bond given by the contractors. The plaintiffs, as contractors to furnish all labor and material for the building, entered into a subcontract with W.W. Sanders to furnish all the material for the building for the sum of $2,034, and an agreement was signed by the contractors, the subcontractor and the defendants wherein the latter were authorized to pay Sanders this amount and deduct the amount so paid from the contract price. Sanders was to be paid by defendants in three weekly payments of $500 each, and the balance of $534 was to be paid when the building was completed and accepted.
The building was completed by the contractors and accepted by the owners, and the contractors signed a receipt acknowledging the payment of the contract price, except a balance of $728.90, the receipt stating that this balance was to be paid upon the clearance of the building, with a notation on the receipt indicating a balance due of $534 on material (obviously referring to the balance due Sanders on the last payment for material) and $194.90, balance on contract.
The contractors brought this suit against the defendants as owners to recover this balance of $728.90 and asked for a recognition of their lien on the building and grounds.
The defendants admitted the contract and the completion of the building by plaintiffs, and also admitted that the amount claimed was the correct balance due on the contract. They denied, however, that this amount was due plaintiffs for the reason that claims had been made and filed by various claimants against this balance; viz., the Anderson-Post Hardwood Lumber Company, Inc., had furnished lumber and material which went into the building, and this company had filed a lien against the building for material in the sum of $521.74; that Sanders was claiming the balance due him for material under his subcontract, and that the Weir Long Leaf Lumber Company had made defendants garnishee under a judgment which this company had against Sanders.
The defendants deposited in court this balance of $728.90 which they admitted to be due under the contract and asked that the claimants, Sanders, Anderson-Post Lumber Company and Weir Long Leaf Lumber Company be cited to appear and assert whatever rights they had and asked for reasonable attorney's fees for the attorney representing them in provoking the concursus. The above claimants were cited and made an appearance in the suit and asserted their claims.
Fertitta Brothers filed an intervention in the suit and claimed a lien on the fund deposited for material furnished to Sanders in the sum of $85.56 which material was used by the contractors in said building. This intervenor asked for judgment against Sanders and the contractors, as well as a recognition of its lien against the fund deposited in court. No prayer was made for the service of this intervention on anyone and no service of it was made.
The Anderson-Post Hardwood Lumber Company, Inc. (hereafter called Anderson-Post), appeared and answered, setting up its claim for the material sold Sanders and asking for a judgment against Sanders, plaintiffs and defendants, in solido for the amount of their claim, $521.74, and for a recognition of their lien and privilege against the building and grounds and a preference on the funds deposited in court.
Other claims and proceedings were had, but it is unnecessary to mention them here as they do not concern this appeal. Suffice it to say that a judgment was rendered in favor of the plaintiffs and against the defendants for the balance due on the contract with recognition of the plaintiffs' lien and privilege on the fund, subject, however, to the payment of the claims of Anderson-Post and Fertitta Brothers by preference out of said fund. Anderson-Post was given a judgment for its claim against Sanders, as subcontractor and purchaser of the material, plaintiffs, as contractors, and the defendants as owners, in solido, with recognition of a lien and privilege on the building and grounds and a preference with Fertitta Brothers to be paid out of the *Page 205 
funds on deposit; and Fertitta Brothers were given a judgment for their claim against Sanders and the plaintiffs, with recognition of their lien and privilege on the fund to be prorated with the claim of Anderson-Post; the attorney for the defendants was allowed a fee of $25 for provoking the concursus to be paid out of the funds on deposit.
The plaintiffs only have appealed, and as the fund to be distributed controls the jurisdiction of this court, we have to consider the appeal taken by the plaintiffs insofar as it affects their interests in the case, both as to Anderson-Post and Fertitta Brothers, as well as that part of the judgment which allows attorney's fees to the defendants.
The plaintiffs assign and urge three principal errors in the judgment below, and these alleged errors will be taken up and discussed in the order in which they are presented here.
The first complaint urged is that the trial judge was in error in holding that the suit of plaintiffs to recover the balance due on the contract could be converted into a concursus proceeding by the defendants in their answer under the private building contract law, Act No. 298 of 1926. Section 4 of this act provides that where liens are filed against the building, the owner or any other interested person may file a petition in a court of competent jurisdiction, citing all claimants, including the contractor, etc., and shall require all claimants to assert their respective claims; and all claims shall be tried in concurso. This section of the act follows the preceding provisions giving a contractor, subcontractor, workmen and furnishers of material a lien and privilege on the building constructed and land on which it is situated, and those provisions of the act which provide the manner in which the owner can protect himself from personal liability and his property from the liens of these claimants by recording the contract and requiring of the contractor a bond for the protection of the owner against these claims. The fact that the owner fails to record the contract and require the bond, thereby rendering himself personally liable for these claims and subjecting his property to a lien and privilege under Section 12 of the act, would not affect his right to provoke a concursus as provided for in Section 4, where liens have been filed against the building.
It is urged that the concursus must be provoked by a petition and cannot be provoked by the owner in an answer by him to a suit brought against him by the contractor to collect the balance of the contract price. We cannot agree with this contention. While the act states that the owner may file a petition to provoke the concursus, it is common practice and well recognized in our jurisprudence that whenever a litigant can assert a right by a petition, ordinarily, he can assert the same right by an answer where he is sued by the other party before he has asserted his right by a petition.
The defendants had complied with all of their obligations under their contract with the plaintiffs and were ready and willing to pay this balance to plaintiffs or any other claimant who should be decreed entitled to it. They had a right as a defense to the suit which plaintiffs brought against them to require that plaintiffs prove that they had complied with their part of the contract by showing that all labor and material going into the building had been paid for before they were entitled to collect this balance.
It was not necessary for defendants to ask for a citation of plaintiffs in their answer, no more than it would have been necessary for them to ask for a citation of plaintiffs had they filed a reconventional demand. Plaintiffs made a demand on the defendants and as a defense to that demand the latter had a right to allege and prove that others were asserting a claim to the same fund which plaintiffs were endeavoring to collect. One who brings a suit under our procedure is required to take cognizance of the nature of the defense set up against his demands without the necessity of citing him.
As a second error, it is urged that the trial court had no authority to render a personal judgment against plaintiffs, the contractors, in favor of Anderson-Post and Fertitta Brothers, furnishers of materials, for two reasons: first, plaintiffs have never been cited by these claimants, and second, the material was sold to Sanders, the subcontractor, and not to plaintiffs. The first point is not well founded for the reason that, in a concursus proceeding, all claimants are both plaintiffs and defendants, each asserting and opposing the claims of all others without any special pleadings to that effect. Plaintiffs provoked the suit and *Page 206 
themselves raised the question of their right to collect this balance, and their right to do so was put at issue by the defendants who, as a part of their defense, raised the question that these claimants were asserting a prior claim on this balance and it then devolved on plaintiffs to take notice of and disprove these other prior claims to the fund before they could compel defendants to pay it to them. See Graphic Arts Bldg. Co. et al. v. Union Indemnity Co. et al., 163 La. 1, 111 So. 470.
On the second point, the fact that the material was sold to Sanders, the subcontractor, by these claimants, and not directly to plaintiffs, the contractors, could not relieve the latter of their personal responsibility for the material which went into the building and which they had agreed to pay for themselves. As already stated, they signed a special authorization for the defendants to pay Sanders for this material and deduct the amount out of the contract price. $534 of the fund on deposit in court admittedly is the sum which these plaintiffs agreed for the defendants to hold out and pay for materials going into the building and for which the contractors were primarily liable. It is shown that the material making up these two claims was delivered by Sanders at the building site and placed in charge of the contractors to be used in constructing the building. The furnishers of material were not required to follow up this material and see that every piece of it was actually incorporated in the building. Derbes v. Marshall et al., La.App., 183 So. 74, and cases there cited.
The third assignment of error to the effect that the court had no right to render a personal judgment against plaintiffs in favor of Fertitta Brothers on their intervention in the suit and without citation to the plaintiffs has been answered in what is said above. After all, it seems that plaintiffs stand no chance to be held personally liable for any of these claims. The amount deposited by the defendants in court is more than sufficient to pay the claims of these two furnishers of material, as well as the attorney's fees allowed, unless the cost to be paid out of the fund is rather large.
We think the attorney's fees were properly allowed, but, under Section 10 of said Act No. 298 of 1926, these fees should be subordinated to the claims of the furnishers of materials, and the judgment will be amended accordingly.
For the reasons assigned, it is ordered that the judgment appealed from be amended so as to subordinate the attorney's fees awarded to counsel for defendants to the payment of the claims of Anderson-Post Hardwood Lumber Company, Inc., and Fertitta Brothers; and, otherwise, the said judgment is affirmed.