26 So.2d 732

HERBERT v. AMERICAN SOC. OF COMPOSERS, AUTHORS AND PUBLISHERS.

No. 38052.

May 27, 1946.

Rehearing Denied June 14, 1946.

Cawthorn & Golsan, of Mansfield, for appellant.

Ralph H. Fishman, of New Orleans, curator ad hoc, for appellee.

FOURNET, Justice.

The plaintiff, Clifford Victor Herbert, proceeded by way of attachment against the non-resident American Society of Composers, Authors and Publishers (commonly referred to as ASCAP) seeking to be declared entitled to certain royalties assigned by him to his former wife in a community

settlement following their divorce and withheld by the defendant upon receipt of a letter addressed to it by the plaintiff revoking such assignment.

The defendant, through its regular counsel, came into court and posted bond, dissolving the writ of attachment, and, contending that Mrs. Herbert was a necessary party to the proceedings, filed a plea of non-joinder of parties defendant. When this plea was overruled, the defendant, invoking the provisions of Act 123 of 1922, filed a petition of interpleader wherein it admitted it had withheld royalties in the amount of $5,600 that are claimed by both Herbert and his former wife, and, averring that it had no other interest in the matter than to insure itself against the possibility of paying this amount to a party not justly entitled thereto, asked that these funds be deposited in the registry of the court to await final disposition of the matter and that it be relieved of any further liability in the premises. Mrs. Herbert being a non-resident, an attorney-at-law was appointed to represent her.

Herbert is appealing from the judgment of the lower court dismissing his suit against ASCAP, decreeing his former wife to be the owner of the $5,600 deposited in the registry of the court, relieving ASCAP of any further liability in so far as this amount is concerned, and taxing the costs of the suit against him, deductible from the funds on deposit, with reservation of Mrs. Herbert's right to seek reimbursement from Herbert in proper proceedings for this amount.

Herbert, the son of the famed musical composer Victor Herbert, acquired by inheritance certain copyright interests in his father's musical works and by virtue of these interests became a member of ASCAP and as such entitled to receive royalties accruing to the members. In connection with the proceedings whereby he and his wife effected a settlement of their property rights at the time of their divorce in 1938 Herbert agreed, with the approval of the court, to pay Mrs. Herbert the sum of $2,800 per annum out of the royalties accruing to him as a member of ASCAP, payable quarterly, and while this property settlement was later modified the arrangement with respect to the $2,800 payment was unchanged. In conformity with his agreement, Herbert issued an irrevocable order on ASCAP to make payment of this amount out of the royalties due him to Mrs. Herbert. Accordingly, ASCAP made these payments up until January of 1943, at which time Herbert notified the organization of his intention to test the validity of the assignment executed by him in favor of Mrs. Herbert in view of Article XX of the constitution and by-laws of ASCAP prohibiting such an assignment and put ASCAP on notice that it would be held responsible for payments made to Mrs. Herbert in the future. Consequently, ASCAP withheld the quarterly payments to Mrs. Herbert and also refused to make these payments to Herbert. This suit followed.

It is Herbert's contention that because of this prohibition against an assignment of royalties in Article XX of the constitution and by-laws of the association, he had a right to revoke the assignment of royalties he had made to his wife, since the articles of the association are the law between him and the association.

It is, on the other hand, claimed by the attorney appointed to represent Mrs. Herbert that she is entitled to the proceeds deposited in the registry of the court under the assignment made to her by her former husband in compliance with his agreement in their property settlement, contending that these rules and by-laws are for the association's benefit and that it waived them by making royalty payments to her under the assignment; further, that Herbert, having made this assignment to her, is without right to contest it, particularly since the association is not now urging these rules and by-laws to prevent her recovery of the amount on deposit in the registry of the court.

While Herbert's counsel admits the basic issue in the proceeding is whether or not Herbert has the right to revoke the assignment made to his former wife, he argues at length that (1) inasmuch as the curator appointed to represent Mrs. Herbert appeared and answered only in his capacity as such, Mrs. Herbert making no personal appearance to assert her right to the fund on deposit, she is estopped under Section 5 of Act 123 of 1922 to claim any interest there-in, and (2) that ASCAP having appeared personally in the proceedings filed by Herbert and tendered the issue that Mrs. Herbert was a necessary party defendant by way of a plea of non-joinder of necessary parties defendant, which was overruled, it was without right to urge that same issue by resorting to an interpleader proceeding, thereby espousing Mrs. Herbert's cause and rendering itself no longer a disinterested party; consequently, that there should have been judgment in favor of Herbert on his main demand on the issues as joined by the answer filed by the curator appointed to represent ASCAP and the evidence in the record.

With respect to the first point urged, Herbert takes the position that a curator ad hoc is appointed in an interpleader proceeding for no other purpose than to give notice to the non-resident or absentee of the pendency of the action so that such non-resident or absentee can come into court personally and assert any right he may have to the funds interpleaded, although no authority is cited for this proposition and we know of none that would support it.

The interpleader act (Act 123 of 1922) provides that anyone in possession of money claimed by two or more persons or upon which two or more persons are claiming liens or privileges may be relieved of all liability with respect thereto by depositing this money in the registry of the court and presenting an application to the court in petition form praying that all persons

named in the petition as claiming the money, or any interest therein by way of lien or privilege, be cited to answer and make such claims to the same as they may desire. Sections 1 and 2. The act also provides that "service and citation of said application shall be made in the same form and manner as service and citation in civil suits, and the delays for answering shall be the same" (Section 4), and that "the failure of anyone so cited to appear and answer within the time required by law, shall thereafter estop said person from claiming said money." Section 5.

■ It necessarily follows that if the purpose of the act is to be accomplished in the instant case Mrs. Herbert was a necessary party to the suit, and, under the laws of this state, she was properly represented by the curator appointed to appear in her behalf.

■ The second contention urged by Herbert is equally without merit for when ASCAP appeared personally in the matter it necessarily relieved the curator appointed to represent it and the answer filed on its behalf by such curator subsequent to ASCAP's appearance was without effect, and, inasmuch as the plea of non-joinder was overruled, ASCAP had a right, by way of defense, to invoke the provisions of Act 123 of 1922. Hanchey v. Kildair, La.App., 6 So.2d 203. By so doing it did not espouse the cause of any of the claimants but simply complied with the requirements of the interpleader act.

We now pass to the basic question presented for our determination, that is, whether or not Herbert, having irrevocably assigned his interest in the royalties represented by the funds in controversy to his wife in a community property settlement, can now revoke the assignment because of the prohibition against such assignment in the rules and by-laws of the association, which association not only made these disbursements under this assignment without invoking this prohibition but is not now urging the invalidity of the assignment on the ground that it is contrary to its rules and by-laws and has deposited the amount in dispute in the registry of the court asking to be relieved of all liability and responsibility with respect thereto.

■ By depositing these funds in the registry of the court ASCAP has been relieved of any responsibility with respect thereto (Section 1 of Act 123 of 1922) and whatever right it may have had to invoke the provisions of its by-laws prohibiting an assignment of royalties by one of its members has thereby been waived (4 Am.Jur. 238, § 12; 67 C.J. 291), thus leaving in dispute in so far as these funds are concerned only the respective rights of Herbert and his former wife thereto.

■ Herbert's assignment having been made to his former wife pursuant to an agreement and settlement of the community effects between them and duly approved by the court having jurisdiction over the matter, the contract is the law as between these

parties and Herbert is bound thereby. Article 1945 of the Revised Civil Code; Oil Field S. & S. Material Co. v. Gifford Hill & Co., 204 La. 929, 16 So.2d 483.

For the reasons assigned the judgment appealed from is affirmed. Costs of this appeal are to be borne by Clifford Victor Herbert.