McCALEB, Justice
(dissenting).
The construction given by the majority to R.S. 9:171-178 has the effect, in my opinion, of rendering the statute unconstitutional — in that it deprives a non-resident' co-owner of property situated in this State,, who has made a personal appearance and' subjected himself to the jurisdiction of our courts, of the equal protection of our laws pertaining to partition and, therefore, is. violative of the Fourteenth Amendment to- *727 the Constitution of the United States as well as Article 1, Section 2 of the State Constitution, guaranteeing that no one shall he deprived of his property without due process of law.
R.S. 9:171-178, which is a counterpart of R.S. 13:4976-4983, grants to residents of the State unusual rights with respect to absentee co-owners with whom they hold property in common. While the Act is premised on the idea of effecting a partition, for practical purposes — as shown by the decision in this case — it confers upon the resident owner the right to purchase or expropriate the interest of the absentee co-owner by paying a price fixed by the judge on the advice, if need be, of experts. These proceedings are conducted contradictorily with a curator-ad-hoc and, in my interpretation of the statute, envisage only cases of absent or unknown persons, who make no appearance and are reached only by substituted service.
As I see it, the sole justification for such a statute, which is in derogation of the common right and, therefore, must be given a strict construction,[1] is that the absence of a non-resident co-owner (or where there is an unknown co-owner) necessarily deprives the resident co-owner of the ability to negotiate with such absentee or unknown, with a view of acquiring his undivided interest or having the absentee purchase the resident’s interest. In these circumstances, the Legislature in its wisdom finds it to be just and desirable to have a representative appointed for such absentee or unknown to confect, in essence, a compulsory sale of the absentee’s interest with the approval of the court. But it seems obvious to me that, once the absentee appears in court and demands the rights accorded him by our Civil Code in partition cases, the proceedings under R.S. 9:171 et seq. necessarily abate and the laws pertaining to partitions, private and judicial sales, are applicable and should be employed. That the Legislature so intended can hardly be doubted, forasmuch as it specifically provided in R.S. 9:178 that nothing contained in the statute “shall be construed as in anywise altering the existing laws relating to partitions, * * * except insofar as they are in conflict with the provisions of this Chapter.” [2]
Thus, it would seem that the usual rule concerning the effectiveness of the appointment of a curator-ad-hoc in proceedings against non-residents applies and, with the personal appearance of the absentee or non-resident, the appointment of the curator-ad-hoc is necessarily rescinded. See Herbert v. American Soc. of C., A. and P., 210 La. 240, 26 So.2d 732. And, when the appearance is made and the non-resident subjects himself to the jurisdiction of the court, he is and should be entitled to all rights given to other litigants whether they are residents or non-residents. Surely, if, in the instant case, Mrs. Strange had initiated an action for a partition, the lumber company could not be heard to say that it would have the right, under R.S. 9:-171, either to have the property sold at private sale or that it should be permitted to expropriate for its private use Mrs. Strange’s Vsznd interest upon paying her $900. So, what difference is there as to her fundamental rights, that she has appeared within this jurisdiction and demanded them in answer to plaintiff’s demand for a private sale?
To construe the statute involved in this case as applicable, when the defendant has made a personal appearance and subjected herself to the jurisdiction of the court, results in depriving her of the equal protec- *728 íion of our laws and thus renders, in my estimation, the statute unconstitutional.
I respectfully dissent.

. As early as 1821, it was stated by this Court that every law empowering our courts to decide upon the rights of absentees must be strictly construed and the formalities prescribed exactly followed “Litigatoris absentia Dei prae-sentia repleatur”. Stockton v. Hasluck, 10 Mart.,O.S., 472.

. In this connection see comment of Professor Harriet S. Daggert, 3 L.S.A. 58 and 59.