ON REHEARING
MARVIN, Judge.
After reconsideration of the entire record and for the reasons stated, we reverse our original determination that the peremptory exception of no right of action was properly sustained by the court below.
Tropicana Pools South, Inc. brought suit on the contract against the defendant. The contract was signed by the defendant and by William Russell, who signed without indicating that he was an agent or employee of anyone. The defendant filed an *31 exception of no cause of action and no right of action contending that Tropicana Pools South, Inc. was not the “proper party plaintiff” and that it was not indicated that Tropicana Pools South, Inc. had “any rights or obligations under the said contract.”
The two exceptions raised by defendant are peremptory exceptions. Article 927, La.C.C.P. Article 64S, La.C.C.P., states that the failure to join a necessary party may be pleaded only in the dilatory exception, while the failure to join an indispensable party may be pleaded in the peremptory exception. The peremptory exception of no interest in the plaintiff to institute the suit, which apparently the defendant thought he was filing under Article 927(5), is to be distinguished from the exception of nonjoinder of an indispensable party under Article 927(3), and the nonjoinder of a necessary party under Article 926(8). The trial court apparently confused the types of parties and exceptions by which their nonjoinder might be raised as well as the exception of no right of action or no interest in the plaintiff to institute the suit under Article 927(5). The trial court treated the exception apparently as one of nonjoinder of William Russell as a “necessary party,” and ordered his joinder.
The exact relationship between Russell and the plaintiff corporation is not shown absolutely • by the record. It is clear, however, from the record, that the plaintiff corporation is contending that it was the principal, either disclosed or undisclosed, of Russell, and that Russell was acting as its agent when he signed the contract. The defendant-exceptor admitted on the trial of the exception that he thought he was dealing with Russell as a “representative” of Tropicana Pools in negotiating the contract, and that after the contract was negotiated and work was being formed, he did have contact with one Ty Evans whom he also believed was a representative of Tropicana Pools. With these admissions, the defendant-exceptor failed to meet the burden imposed upon him as an exceptor of establishing that Tropicana Pools South, Inc., was without an interest or right of action in the contract sued on. See Invest, Incorporated v. State, 247 So.2d 175 (La.App. 1st Cir. 1971), as to burdens imposed on exceptors in no right of action exceptions. In this respect, the trial court erred in sustaining the exception of no right of action and in treating it as an exception of nonjoinder of a necessary party.
The trial court was faced with a situation where the party signatory to the contract sued on (William Russell), was not before the court and an adjudication was sought by a plaintiff other than Russell. The adjudication undoubtedly would affect Russell’s rights under the contract. Since Russell’s was the only signature besides the defendant’s, Russell should be required to assert or disclaim his rights in and to the contract.
Under Article 645, La.C.C.P., the trial court (or this court) can notice on its own motion the nonjoinder of an indispensable party. This authority, however, is not indicated in the case of the nonjoin-der of a necessary party, which the article says may be pleaded “only in the dilatory exception.”
Article 644 also distinguishes the necessary party from the indispensable party. An indispensable party who should join as a party plaintiff, may be joined as a defendant and required to assert his rights or be thereafter precluded from asserting them. A necessary party “subject to the jurisdiction of the court” who should join as a party plaintiff may also be joined as a defendant. Article 642 requires.the joinder of a necessary party only if he is subject to the jurisdiction and timely objection is made to nonjoinder.
The comments to the procedural articles mentioned further clarify their meaning:
“(b) Since the action may proceed without a necessary party who is not subject to the jurisdiction of the court, *32 and his joinder cannot be required, under Art. 642, supra, no problem is presented by the rare case where a nonresident who is a necessary party plaintiff refuses or fails to sue.”
“(c) The equally rare case where a nonresident who is an indispensable party plaintiff refuses or Tails to sue presents much more of a problem. Some doubt exists as to whether such a nonresident may be joined as a defendant. The majority of the Council, however, was of the opinion that in such a case he may be joined, and served through an attorney at law appointed by the court to represent him. The basis of this opinion is that the incorporeal right which should be asserted in the action is a res; and since the alleged obligor is subject to the jurisdiction of the Louisiana court, the res has a situs in this state, and a Louisiana court would have jurisdiction to compel the nonresident to assert his right in the pending action. Cf. Herbert v. American Soc. of Composers, etc., 210 La. 240, 26 So.2d 732 (1946). A contrary view might make it impossible for the plaintiff in the pending suit to enforce his right anywhere.” Comments (b) and (c) Article 644.
 The pleadings and the rulings of the court below, after its initial ruling on the exception requiring the joinder of Russell as a necessary party, establish that Russell is a nonresident of Louisiana. The compulsory joinder of a nonresident as a necessary party plaintiff cannot be required under the procedural articles mentioned. The trial court erred in this respect. Article 645 allows this court to notice on its own motion the nonjoinder of an indispensable party. The jurisprudence and comments cited under Article 644, quoted above, authorize the nonresident indispensable party to be served through an attorney at law appointed to represent him so that an adjudication can be made rather than thwarted. In effect, the res before the court (the subject matter of the law suit, in this case the contract itself) is certainly within the jurisdiction of the court, similar to an in rem attachment, and through the appointment of the attorney ad hoc, the nonresident party is afforded the constitutional protection required by law and due process.
Exercising then the authority granted by Article 645, we notice on our own motion that William Russell is an indispensable party and require his joinder in accordance with law in order that plaintiff might thereafter proceed with evidence in support of its demands on the contract against the defendant. The defendant of course, shall be allowed to properly raise in limine or other defenses which may be available to him. The ultimate result shall be determined by the evidence under the appropriate law of contract and of agency.
In Childers v. Police Jury, 9 La.App. 490, 121 So. 248 (2nd Cir. 1928), we held that an undisclosed principal is allowed to maintain a direct action against a party contracting with the agent of the undisclosed principal. There, the agent was within the jurisdiction of the court and was made a party to the action by the undisclosed principal. Insofar as the instant defendant is concerned, the principle proclaimed there applies here. In Childers, we said:
“. . . it is thus apparent that the police jury [defendant] could not be prejudiced in any manner by permitting the undisclosed principal to sue for the amount which may be due under the contract made by the agent for his benefit, and we are of the opinion that the exception of no right of action should have been overruled.” 121 So. 249.
Our original opinion and the judgment of the trial court are vacated and the case is remanded for further proceedings consistent- with this opinion on rehearing. Cost of this appeal is to be borne by appel-lee.
Reversed and remanded.