602 So.2d 1029 (1992)
The WOODLAWN PARK LIMITED PARTNERSHIP
v.
DOSTER CONSTRUCTION COMPANY, INC. and Soil Testing Engineers, Inc.
No. 91 CA 0512.
Court of Appeal of Louisiana, First Circuit.
May 22, 1992.
Rehearing Denied August 12, 1992.
*1030 Michael W. McKay, Baton Rouge, for plaintiff-appellant Woodlawn Park Ltd. Partnership.
W. Steven Manner, Baton Rouge, for defendant-appellee Soil Testing Engineers, Inc.
Timothy E. Kelly, Baton Rouge, and Paul H. Baker, Metairie, for defendant-appellee Doster Const. Co., Inc.
Bruce Horach, New Orleans, for third party defendant-appellee Landry & Associates Plumbing & Air Conditioning, Inc.
Before WATKINS, CARTER and FOIL, JJ.
WATKINS, Judge.
The Woodlawn Park Limited Partnership, one of several plaintiffs, appeals its dismissal from a breach of contract suit when the trial court sustained the exception of no right of action filed by defendant Soil Testing Engineers, Inc. The plaintiff claims to have a right which stems from a contract negotiated on behalf of an undisclosed principal. Noting that we have previously held that an undisclosed principal has no right of action to bring suit in its name, we affirm.
Although the business relationships among the various parties are complicated, the facts pertinent to the peremptory exception of no right of action are undisputed. Originally, The Woodlawn Park Limited Partnership (Woodlawn) filed suit against Doster Construction Company, Inc. (Doster) and Soil Testing Engineers, Inc. (STEI) seeking damages for breach of contract for improper soil testing at the site of a shopping center in East Baton Rouge Parish, Louisiana.
A peremptory exception urging the objection of no right of action was filed by STEI. The trial court rendered judgment in December of 1988, in favor of STEI, granting Woodlawn 15 days to amend its petition to state a right of action or to have its petition dismissed. Although Woodlawn filed an amended petition, the change consisted of adding as plaintiffs the following: Roger H. Ogden, James E. Maurin, and Gerald E. Songy, individually and/or as a joint venture; and Maurin-Ogden, Inc.[1] Thereafter, STEI moved to have Woodlawn's petition dismissed pursuant to the trial court's judgment on the grounds that the amended petition did not cure the failure to state a right of action on the part of Woodlawn. By judgment dated May 29, 1990, the trial court dismissed the petition of Woodlawn, and Woodlawn subsequently perfected this appeal.
STEI claims that Woodlawn lacks a right of action against it because the contract sued upon was not between Woodlawn and STEI but was between Maurin-Ogden, Inc. and STEI. Woodlawn concedes that the contract was between STEI and Maurin-Ogden, Inc., which is now a plaintiff, but it claims that Maurin-Ogden, Inc. was contracting for an undisclosed principal, namely the three individual plaintiffs and/or the business association formed by them. Appellant argues that an undisclosed principal has a right of action for breach of contract under Louisiana law. Our appreciation of the status of Louisiana law on the legal *1031 issue involved is contrary to the position taken by the appellant.
In Childers v. Police Jury of the Parish of Ouachita, 9 La.App. 490, 121 So. 248 (2d Cir.1928), an undisclosed principal was allowed to enforce a contract made by his agent with a police jury. Accord, DeSoto Building Co., Ltd. v. Kohnstamm, 3 Pelt. 54 (La.App. Orl. No. 7627, 1919). However, in Teachers' Ret. System v. Louisiana State Emp. Ret., 444 So.2d 193 (La. App. 1st Cir.1983), reversed on other grounds, 456 So.2d 594 (La.1984), we declined to follow the earlier cases because we were not convinced of the correctness of those older appellate decisions. We concluded that under the civil law tradition, the alleged agent was a "pretenom" who acted in its own behalf as opposed to representing itself to be acting for the other principals. As such, only the agent had a right of action against the contracting third party. Although Teachers' was reversed by the Louisiana Supreme Court, the grounds for reversal were that the record of the complicated financial arrangement was insufficient to identify the status of the parties in limini. Because the court did not reach the issue of the right of action of an undisclosed principal, we are able to maintain our previous position denying the existence of a right of action to an undisclosed principal.
STEI argues on appeal that because Woodlawn was not in existence at the time the contract was entered into between Maurin-Ogden, Inc. and STEI, Woodlawn does not have a right of action, and it is unnecessary for us to reach the issue of whether an undisclosed principal has a right of action under Louisiana law. However, regardless of the time of the formation of the partnership, Woodlawn might be able to establish itself as a successor to the three individuals who have been named as plaintiffs in the amended petition. Because the three individuals were undisclosed principals vis-a-vis STEI, we must decide the legal issue of whether an undisclosed principal has a right of action under Louisiana law.
Accordingly, we will follow our previous decision in Teachers' Ret. System v. Louisiana State Emp. Ret., supra, and affirm the decision of the trial court holding that Woodlawn, as an undisclosed principal, has no right of action in this contract suit. Appellant is to pay all costs of this appeal.
AFFIRMED.
CARTER, J., dissents with reasons.
CARTER, Judge, dissenting.
In Teachers' Retirement System of Louisiana v. Louisiana State Employees' Retirement System, 456 So.2d 594, 596 (La. 1984), the Supreme Court set forth:
Pleadings must be construed reasonably so as to afford litigants their day in court, to arrive at the truth, and to do substantial justice. Articles of the Code of Civil Procedure are to be construed liberally and with due regard for the fact that forms of procedure implement the substantive law and are not an end in themselves. An earlier Court stated it well: "Pleading is the `handmaid rather than the mistress' of justice." When it can reasonably do so, the court should maintain a petition against a peremptory exception so as to afford the litigant an opportunity to present his evidence. (Citations omitted.)
The precise relationship between Woodlawn and Roger H. Ogden, James E. Maurin, Gerald Songy, individually and/or as a joint venture, and Maurin-Ogden, Inc. will depend upon factual and legal determinations regarding partnerships, joint ventures, mandate, agency relationships, and various other legal relationships. Until these precise legal relationships are determined and the status of each of the parties to the series of complex legal relationships are established after presentation of all evidence, I submit it will be precipitous to dismiss any of the parties. Where doubt exists regarding the appropriateness of an objection of no right of action, it is to be resolved in favor of the plaintiff.
Testimony at trial on the merits may clarify the issues and help resolve the legal questions involved. When it is determined *1032 that evidence adduced at trial will be needed or helpful in rendering judgment on an exception, the exception of no right of action can be referred to the merits. Therefore, I would refer the exception to the merits rather than dismissing the suit.
For the above reasons, I respectfully dissent.
NOTES
[1] STEI filed another exception of no right of action, this time urging that three of the four new plaintiffs, Mr. Ogden, Mr. Maurin, and Mr. Songy, lacked a right of action. That exception is not before us. Maurin-Ogden, Inc.'s right of action was not challenged.