*Watts* for the defendant.

---

### WILLIAMS & AL. vs. WINCHESTER.

When goods are sold to an agent for an unknown principal, the latter is suable when discovered.

APPEAL from the court of the parish and city of New-Orleans.

MARTIN, J. delivered the opinion of the court. The plaintiffs claim the price of sugar boilers, shipped by them for and on account

of the defendant, at his special instance and request, received, retained and used by him.

Eastern Dist.
May, 1828.

WILLIAMS
& AL.
vs.
WINCHES-
TER.

The answer denies that the defendant is indebted to the plaintiffs, but admits that he employed Breedlove, Bedford & Robeson to import the boilers ; and avers that they and their syndics hold him liable therefore.

The plaintiffs were nonsuited, and appealed.

The statement of facts shews that Bedford, Breedlove & Robeson wrote to the plaintiffs, " A friend of our's, a sugar planter, wishes to procure from your city a set of sugar kettles, &c.: will you have the goodness to procure them, and ship them to our address. Whatever the amount may be, will be placed in your hands, whenever requested to do so by you."

On receiving the invoice and bills of lading, Bedford, Breedlove & Robeson informed the plaintiffs they had credit with the firm for the amount. and promised to put them in funds by the time the bill became payable, by shipment of produce as remittance.

In inclosing the bills of lading and invoice the plaintiffs had informed Bedford, Breedlove and Robeson, the bills would become due on

Eastern Dist.
May, 1828.

WILLIAMS &
AL.
v.
WINCHES-
TER.

the 15th of November, 1826, and they might remit as they deemed it their interest.

The account current between the defendant and Bedford, Breedlove & Robeson, shews that they did not debit him with the price of the boilers until February 1, 1827, and by a strange coincidence, the plaintiffs debited him also on the same day.

The counsel for the appellants, on these facts, contends that they have a right to receive payment from the defendant, because they dealt with his agents, and he has received and used the boilers, without having paid them therefor.

The counsel for the appellee had endeavoured to shew that the agent was paid—that the account current shews that there was a period after the boilers were received by him, when a greater balance was due to him than the value of the boilers.

The appellee having admitted that Bedford, Breedlove & Robeson hold him as liable, repels the idea that he paid them—the payment not being alleged.

When goods are sold to an agent for an unknown principal, the latter will be liable, when discovered, although no inquiry was made by

the vendor, unless the latter let the day of payment go by, without making a demand on the principal, who afterwards pays the agent. 1 *Campbell, N. P.* 85, 4 *Taunton* 570, *n.*15 *East*, 65. 2 *Livermore*, 199, 200.

Eastern Dist.
*May*, 1828.

WILLIAMS & AL.
*vs.*
WINCHES-
TER.

The parish judge erred in nonsuiting the appellants.

It is therefore ordered, adjudged and decreed that the judgment be annulled, avoided and reversed; and that the appellants recover from the appellee two hundred and fifty-four dollars and eighty-eight cents, with costs in both courts.

*Pierce* for the plaintiffs; *M'Caleb* for the defendant.