BOURDO, Respondent, vs. PRESTON, Appellant.*

*March 8—April 3, 1951.*

* Motion for rehearing denied, without costs, on June 15, 1951.

*Thomas P. Maroney,* attorney, and *Wallace D. Tingley* of counsel, both of Milwaukee, for the appellant.

*Clayton A. Cramer,* attorney, and *Ray J. Aiken* of counsel, both of Waukesha, for the respondent.

FRITZ, C. J.   In view of the contentions of the parties on these appeals, it suffices to note the following matters. The plaintiff, Earl Bourdo, alleged in his complaint in each action that defendant, Mary S. Preston, owned and resided on a tract of land in the town of Muskego and that on about June 1, 1949, and September 28, 1949, respectively, at the special instance and request of defendant's son, Franklin Preston, d/b/a Preston Builders, as agent for defendant, the plaintiff as a contractor commenced doing plumbing work and furnishing materials in and about the construction of a dwelling on each of two parcels of said land owned by defendant. In her answer defendant denied that said son acted as agent for her, and alleged that she lacks information sufficient to form a belief as to when plaintiff commenced work on the said premises and what the work consisted of and therefore denied the same.

Upon the evidence introduced on a joint trial of both actions the court was warranted in finding, as it did, the following facts. Prior to June 1, 1949, defendant and her

son, Franklin Preston, and a family-owned corporation known as Preston Builders, Inc., entered into an agreement in the nature of a joint adventure or partnership for the purpose of developing, improving, and selling parcels of defendant's land. She was to invest in the enterprise her real estate, and enter into certain financing arrangements on behalf of the enterprise, and said son and Preston Builders, Inc., would arrange for the construction of dwelling houses on said land, which would be sold and the profits to be obtained from such sale were to be shared by defendant and the parties to said agreement. They proceeded to construct and sell a number of houses on defendant's land, and she was active in said enterprise in executing mortgages for construction loans, and authorizing various payments to workmen for services and materials supplied in connection with such construction. On about June 1, 1949, said son as defendant's agent engaged the plaintiff to supply as a contractor certain labor and plumbing materials in connection with the erection of a dwelling on defendant's premises described as parcel No. 1; and on about September 28, 1949, likewise engaged plaintiff to supply such labor and materials in connection with the erection of a dwelling on defendant's premises described as parcel No. 2. As to each dwelling there was an express contract between the parties whereby defendant's son, personally and as agent of the joint enterprise, agreed to pay for and become responsible for the payment of improvements so contracted to be made, and in so contracting with plaintiff said son was acting within the scope of his authority as agent for defendant and Preston Builders, Inc., pursuant to the terms of the joint-enterprise agreement. At the time said contracts with plaintiff were made, the defendant and Preston Builders, Inc., knew or ought to have known that plaintiff relied upon said apparent agency of said son; and that defendant and Preston Builders, Inc., knowing that said contracts were in fact entered into with plaintiff and that he

was furnishing said work and materials on said parcels, they accepted the benefits thereof.

Upon the facts thus found the court was duly warranted in concluding that plaintiff, at all times material herein, was a contractor within the meaning of secs. 289.01 (1) (a) and 289.01 (2) (a), Stats.; that by defendant's son acting as her agent within the scope of his authority, there was an express agreement between plaintiff and defendant whereby she became responsible for the payment of the plumbing work and materials installed upon her premises by plaintiff; and that under and pursuant to sec. 289.01, Stats., he was entitled to have a lien, upon the interest of defendant in said parcels of land, in the amounts of $1,068.72 as to parcel No. 1 and $285.85 as to parcel No. 2. As at the time said contracts were made defendant knew or ought to have known that they were entered into by her son as her agent and that plaintiff was furnishing work and materials on her premises, and the benefits thereof were accepted by her, plaintiff was entitled to the contractor's lien under sec. 289.01, Stats., upon defendant's interest in said two parcels of land. But even if plaintiff had supposed that Franklin Preston or Preston Builders, Inc., was occupying the position of an ordinary contractor,—instead of being or acting as the agent for defendant,—and plaintiff had subsequently discovered that Franklin Preston or Preston Builders, Inc., had been acting as an agent of defendant with full power to bind her, then plaintiff had the right to hold defendant liable as the principal. As stated in *Union Trust Co. of Maryland v. Rodeman*, 220 Wis. 453, 472, 264 N. W. 508:

"The general rule with respect to the liability of an undisclosed principal is thus stated in Restatement, Agency, sec 186:

" 'An undisclosed principal is bound by contracts and conveyances made on his account by an agent acting within his authority. . . .'

"It is elementary that the fact that a third person had theretofore dealt with the agent as principal does not affect the liability of the principal upon discovery. Even after discovery of the identity of the principal, the fact that·such a third party looks only to the agent for payment or performance does not affect the principal's liability. The rule in this respect is thus stated in Restatement, Agency, sec. 209:

" 'An undisclosed principal is not discharged from liability upon a contract made for him by an agent by the fact that, after the discovery of his existence or identity, the other party looks only to the agent for payment or performance.'

"The rule establishing the liability of the undisclosed principal when discovered involves the corollary that a third person to whom the liability runs has the same lien rights against the principal that he would have had against the agent had the agent been in fact a principal. This is established by the cases. *Akers v. Kirke,* 91 Ga. 590, 18 S. E. 366; *Inter-State Bldg. & Loan Asso. v. Ayers,* 71 Ill. App. 529, 549, affirmed in 177 Ill. 9, 52 N. E. 342; *H. C. Behrens Lumber Co. v. Lager,* 26 S. D. 160, 128 N. W. 698. See also *Marshall v. Hall* (Mo. App.), 200 S. W. 770."

*By the Court.*—Judgments affirmed.