623 So.2d 645 (1993)
The WOODLAWN PARK LIMITED PARTNERSHIP
v.
DOSTER CONSTRUCTION COMPANY, INC., and Soil Testing Engineers, Inc.
No. 92-C-2547.
Supreme Court of Louisiana.
September 3, 1993.
Michael W. McKay, Baton Rouge, for applicant.
Paul H. Fleming Baker, Metairie, Timothy E. Kelley, William S. Mannear, Baton Rouge, Bruce M. Horack, Metairie, for respondent.
LEMMON, Justice[*].
Plaintiff, the present owner of a shopping center, filed this action to recover damages related to alleged construction defects. Defendants are the contractor who constructed the shopping center and the testing engineers who tested the soil conditions. The primary issue presently before the court is whether an undisclosed principal has a right of action (a real and actual interest to bring the action) against the party who contracted with the undisclosed principal's agent.

Facts
James Maurin, Roger Ogden and Gerald Songy were in the business of developing shopping centers.[1] Under the procedure used by these individuals, Maurin on April *646 28, 1981 signed an option to purchase the land on which the pertinent shopping center was to be developed, executing the option on behalf of a named partnership to be formed upon completion of the feasibility study. On May 7, 1982, the three individual partners and Maurin, as managing partner of the partnership, exercised the option to purchase the property.
During the development phase, the engineers prepared a proposal for engineering services for "Maurin & Ogden, Developers". On June 22, 1982, the director of construction of Maurin-Ogden, Inc. accepted the proposal.[2] On August 24, 1982, the partners formally executed the articles of partnership.[3] On November 11, 1982, the partnership purchased the property. In 1984 the partners first noticed the damage allegedly attributable to defendants' failures. Plaintiff then filed the instant action.
The engineers filed an exception of prescription in which they incidentally objected to Woodlawn Park's bringing the action because the partnership was not formally in existence on the date the engineers contracted with Maurin-Ogden, Inc. Plaintiff then amended the petition to allege that Maurin-Ogden, Inc. had acted as agents for the individuals, Maurin, Ogden and Songy, as well as for the partnership then contemplated and ultimately formed.
The engineers filed an exception of no right of action, which was maintained by the trial judge who granted plaintiff a specified period within which to amend the pleading to remove the objection.
Plaintiff again amended the petition to add Maurin, Ogden, Songy, and Maurin-Ogden, Inc. as plaintiffs. The engineers then filed motions to dismiss and exceptions of no right of action directed against all plaintiffs except Maurin-Ogden, Inc. The trial court maintained the exception and dismissed the action by the original plaintiff.[4]
The court of appeal affirmed, reiterating its holding in Teachers' Retirement System of La. v. Louisiana State Employees Retirement System, 444 So.2d 193 (La.App. 1st Cir.1983), rev'd on other grounds, 456 So.2d 594 (La.1984), that an undisclosed principal has no right of action to bring suit in its own name against the party who contracted with the principal's agent. 602 So.2d 1029. The court applied French law which distinguishes between mandate, in which the contracting party represents himself as acting for another, and commission or prête-nom, in which the contracting party makes no representation about acting for another. In the former situation, the court noted, the principal is liable to the other contracting party, but in the latter situation there is no liability on the principal, the prête-nom being the only party who can sue or be sued under the contract.
We granted certiorari to review the correctness of the decision of the lower courts. 608 So.2d 155.

No Right of Action
An action may be brought only by a person having a real and actual interest which he asserts. La.Code Civ.Proc. art. 681. The objection of no right of action is a peremptory exception which challenges the interest of the plaintiff in bringing the action.[5] La.Code Civ.Proc. art. 927. The exception focuses on the plaintiff before the court as a means of insuring that the cause of action against the defendant is brought by the party who has the actual interest in the claim which is asserted. One purpose of the exception of no right of action is to prevent the defendant from having to defend an action and possibly pay a claim which actually belongs to a party other than the plaintiff, thereby subjecting *647 the defendant to the possibility of multiple lawsuits and multiple payments involving the same claim. By asserting the exception of no right of action, the defendant can insure that the party asserting the claim, rather than some other party, has the real and actual interest to do so.[6]
Right of Action of Undisclosed Principal
At common law an agent has the power to make business contracts on behalf of the principal. This power derives from a relationship founded on consensual authority or apparent consensual authority and status, and the power may be exercised on behalf of an undisclosed principal. Athanassios N. Yiannopoulos, Brokerage, Mandate, and Agency in Louisiana: Civilian Tradition and Modern Practice, 19 La.L.Rev. 777 (1959). A person who contracts with the agent of an undisclosed principal, when the agent intended to contract on behalf of the principal within his power to bind the principal, is generally liable to the principal.[7]Restatement (Second) of Agency § 302 (1958).
In most jurisdictions a party who has contracted with the agent of an undisclosed principal has the right to sue the principal directly, once his identity is revealed. See, e.g., Vander Wagen Bros. v. Barnes, 15 Ill.App.3d 550, 304 N.E.2d 663 (Ct.1973); Grinder v. Bryans Road Bldg. & Supply Co., 290 Md. 687, 432 A.2d 453 (Ct.App.1981); Frohlich & Newell Foods v. New Sans Souci Nursing Home, 109 Misc.2d 974, 441 N.Y.S.2d 335 (City Civ.Ct.1981); Bourdo v. Preston, 259 Wis. 97, 47 N.W.2d 439 (1951). The converse is also true. An undisclosed principal, upon the revealing of his identity, has the right to bring suit to enforce the contract directly against the party who contracted with his agent. See, e.g., Ikerd v. Merrill & Sons, 9 Cal.App.4th 1833, 12 Cal.Rptr.2d 398 review denied (Cal.1992); Cooper v. Epstein, 308 A.2d 781 (D.C.1973); Jovan v. Starr, 87 Ill. App.2d 350, 231 N.E.2d 637 (1967); Standard Brick & Tile v. Posey, 56 Ga.App. 686, 193 S.E. 613 (1937).
Defendants urge this court not to follow the common law of agency, but to affirm the court of appeal by applying the French doctrine which holds that the agent for an undisclosed principal is a prête-nom and that only the agent may sue the third party for breach of contract. Citing Fred W. Jones, Juridical Basis of PrincipalThird Party Liability in Louisiana Undisclosed Agency Cases, 8 La. L.Rev. 409 (1948), defendants argue that the question of the principal's right to sue or be sued by the third party is determined under French law according to whether the agent disclosed the agency relationship to the third party. Since the agency relationship was not disclosed in the present case, the court of appeal applied the doctrine of prête-nom and ruled that the undisclosed principal could not sue or be sued by the contracting third party.
La.Civ.Code art. 2985 defines mandate (as well as procuration or letter of attorney) as an act by which one person gives power to another to transact affairs for him and in his name. Under the literal terms of Article 2985 a mandatary always acts in a representative capacity and is therefore different from a common law agent, who may act for an undisclosed principal.[8] The Civil Code has never fully developed the concept of agency and representation with respect to the direct acquisition of rights and liabilities through the contractual action of a properly authorized intermediary who may or may not disclose his representative capacity. Yiannopoulos, supra, at 781 and 795. However, Louisiana courts, perhaps recognizing that agency as a field of commercial law should be *648 uniform throughout the country, have adopted notions of common law agency. Id. at 790 and 795; See also Carlisle v. Steamer Eudora & Owners, 5 La.Ann. 15 (1850); Ballister v. Hamilton, 3 La.Ann. 401 (1848) (party who contracts with agent for undisclosed principal may recover balance due from principal upon discovery of his identity); Williams v. Winchester, 7 Mart. (N.S.) 22 (La.1828) (when goods are sold to an agent of an unknown principal, the latter will be liable when discovered although the seller made no inquiry about representation); Teche Concrete, Inc. v. Moity, 168 So.2d 347, 353 (La. App. 3d Cir.1964), cert. denied, 247 La. 251, 170 So.2d 509 (1965) (undisclosed principal liable individually for acts of corporation that acted as her prête-nom); Fred W. Jones, supra at 414.
We restate approval of the use of common law agency notions in commercial transactions. In matters of commercial law, Louisiana has frequently taken steps to make our law uniform with other states. Yiannopoulos, supra, at 790. Moreover, La.Civ. Code art. 3021 provides that a principal in Louisiana is bound by the authorized or ratified acts of his attorney in fact. There appears to be no valid reason for declining to apply this rule in commercial transactions when the principal is not disclosed. The issue simply becomes one of proof of the fact and the extent of the authority. Since the agent entered into the contract for the benefit of the undisclosed principal, there is no injustice in holding the principal liable under the contract. Nor is there any prejudice to the third party (absent special circumstances such as inducing consent to the contract by specific misrepresentation regarding the principal) in allowing the principal to enforce the contract, especially since the third party would be liable to the agent. But for Article 681, both the agent and the undisclosed principal could sue in separate actions. But when, as here, both the agent and the undisclosed principal are in the same action based on the same claim, the danger of multiple lawsuits and multiple payments (a danger which the exception of no right of action was designed to prevent) has been avoided.
Existence of Partnership at Time of Contract
Plaintiff's articles of partnership were not executed until almost two months after the execution of the contract with the testing engineers. The engineers therefore contend that plaintiff has no right of action to seek enforcement of the contract and that any cause of action belonging to plaintiff is in tort.[9]
When evidence is presented at the trial on the merits, plaintiff may be able to prove its allegations that its agent contracted on behalf of a joint venture which ultimately became the present partnership, or that the present partnership subsequently acquired the contractual rights of the party with whom the engineers contracted, or plaintiff may be entitled to proceed under some other theory of recovery pertinent to its pleadings. There is no merit to the engineers' argument that plaintiff's action should be dismissed at this time. A court should resolve doubts about a peremptory exception by overruling the exception (or referring the exception to the merits) and affording the litigant its day in court. Teachers' Retirement System of La. v. Louisiana State Employees Retirement System, 456 So.2d 594 (La.1984). Even under the ruling of the lower courts in this case, the claim by Maurin-Ogden, Inc. remains viable, and there will be a trial on the merits. At that trial the engineers may reurge the exception of no right of action against the present partnership and the partners. Furthermore, and to reiterate, the presence of all possible claimants in this action prevents the possibility of the engineers having to defend multiple suits or to pay the same claim several times.
Accordingly, the judgments of the lower courts are set aside, the exception of no right of action is overruled and referred to the *649 merits, and the case is remanded to the district court for further proceedings.
NOTES
[*] Pursuant to Rule IV, Part 2, § 3, Dennis, J. was not on the panel which heard and decided this case. See footnote in State v. Barras, 615 So.2d 285 (La.1993).
[1] The facts are taken from the allegations of the various petitions and from the documents and the deposition of Songy which were introduced at the hearings on the exceptions.
[2] Maurin-Ogden, Inc. was the corporation used by the three individuals to perform the feasibility study and other preliminary work. The engineers rendered the soil testing report to Maurin-Ogden, Inc.
[3] The name of the partnership was subsequently changed to Woodlawn Park Limited Partnership, which filed the present action.
[4] The exceptions against Maurin, Ogden and Songy are apparently still pending.
[5] It is important to distinguish between the exceptions of no right of action and lack of procedural capacity. The latter exception challenges the right of a party to proceed (although the party may be asserting a real and actual interest) because of some procedural incapacity such as minority.
[6] Of course, several parties may share the same claim, such as in the case of the partial subrogation which results when the collision insurer and the insured share a cause of action to recover property damage against the party who caused the damage. Each has a right of action to recover his respective share of the claim. See La.Code Civ.Proc. art. 697.
[7] The person is not liable to the principal when the contract is in the form of a sealed or negotiable instrument, when the contract excludes liability to an undisclosed principal or to the particular principal, or when the agent induces the contract by representing that he is not acting for a principal. Restatement (Second) of Agency §§ 303-04 (1958).
[8] However, see Sentell v. Richardson, 211 La. 288, 29 So.2d 852 (1947) (the words "and in his name" are not essential to the definition of a procuration or power of attorney).
[9] The central theme of defendant's exceptions is that plaintiff's cause of action in tort is prescribed. The question whether the cause of action is in tort or in contract may be pertinent to the prescription issue, but not to the no right of action objection presently before the court.