United States Court of Appeals,

Fifth Circuit.

No. 93-3679.

RESOLUTION TRUST CORPORATION, as Conservator for Security
Homestead Federal Savings Association, et al., Plaintiffs,

Resolution Trust Corporation, as Receiver for Security Homestead
Federal Savings Association, Plaintiff-Appellant,

International Surplus Lines Insurance Company, Intervenor-
Appellant,

v.

GASPER-VIRGILLIO a/k/a "Sonny" Virgillio, et al., Defendants-
Appellees.

Aug. 1, 1994.

Appeals from the United States District Court for the Eastern
District of Louisiana.

Before REYNALDO G. GARZA, DeMOSS and PARKER, Circuit Judges.

ROBERT M. PARKER, Circuit Judge:

Appellant International Surplus Lines Insurance Company
("ISLIC") appeals the district court's granting of appellees'
motion for summary judgment and denial of appellants' motion to
alter or amend the judgment. The district court's ruling was based
on its conclusion that the unambiguous language in the lease
between Security Homestead Federal Savings Association ("Security
Homestead") and Susson, Inc. ("Susson") released Susson and its
successors, assigns, and employees from liability to the lessor and
its insurer for damages resulting from the fire. For the reasons
set out below, WE REVERSE IN PART AND AFFIRM IN PART.

FACTS AND PROCEDURAL HISTORY

On March 7, 1989, Security Homestead leased several units of

a condominium regime known as Main Street Condominium ("Main Street") to Susson. The lease included a insurance waiver provision in Article VI, set forth in pertinent part:

> Lessor will keep the leased premises insured against loss or damage by fire, with the usual commercial extended coverage endorsements, and in the event of loss, neither lessor nor its insurer shall have any recourse against lessee, it being understood and agreed that the lessor assumes all risk of damage to its own property arising from any insured risk.

Main Street Condominium Association, Inc., a corporation created by the co-owners of the condominium units of Main Street including Security Homestead, obtained the fire insurance for Main Street through ISLIC.

Three days after the lease was signed, on March 10, 1989, Susson entered into a joint venture agreement with H.G.P., Inc. ("H.G.P.") to operate a daiquiri shop, called Club Daiquiris, in the Main Street condominium units Susson leased from Security Homestead. Susson had a 76.57 interest in the joint venture, and H.G.P. had a 23.57 interest. Susson and H.G.P. also entered into a management agreement authorizing Susson to operate and manage Club Daiquiris.

On November, 13, 1989, a fire began in one of the units leased to Susson and spread throughout the complex. At the time of the fire, Gasper "Sonny" Virgillio ("Virgillio"), an employee acting on behalf of Susan Roth, Susson, H.G.P., Inc. and the joint venture formation of Club Daiquiris, was removing furnishings and fixtures from the unit where the fire originated to prepare for the closing of Club Daiquiris. It was alleged that Virgillio's use of combustible material to facilitate the removal of the fixtures

2

contributed to the ignition and/or spread of the fire. ISLIC paid Security Homestead $571,528.88 for damages caused by the fire. It then filed a subrogation action via a Petition of Intervention.

ISLIC intervened in the suit originally filed by Resolution Trust Corporation ("RTC") as conservator for Security Homestead. The suit was consolidated with four others arising out of the same fire. One of those suits was settled in state court. The others were removed to federal court by RTC.

All defendants joined in a motion for summary judgment against the claims of RTC and Intervenor ISLIC. The defendants argued that the claims were barred by a waiver provision in the lease between Security Homestead and Susson. The district court granted the summary judgment motion, and denied RTC and ISLIC's motion to alter or amend the judgment. The court entered a final judgment against RTC and ISLIC. Both RTC and ISLIC filed a notice of appeal, but RTC later filed for voluntary dismissal of its appeal, which the district court granted.

STANDARD OF REVIEW

Review of a district court's ruling on a motion for summary judgment is plenary. *Lodge Hall Music, Inc. v. Waco Wrangler Club, Inc.*, 831 F.2d 77, 79 (5th Cir.1987). Although review is *de novo*, the court of appeals applies the same standards as those that govern the district court's determination. *Jackson v. Federal Deposit Ins. Corp.*, 981 F.2d 730, 732 (5th Cir.1992). Summary judgment must be granted if the court determines that "there is no genuine issue as to any material fact and that the moving party is

3

entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c).

## DISCUSSION

ISLIC contends that the district court's conclusion that the lease between Security Homestead and Susson expressly intended to relieve Susson from liability cannot be reconciled with the plain language of the "Deposit" and "Surrender" provisions of the lease. Specifically, ISLIC argues that these provisions require Susson, the lessee, to pay Security Homestead, the lessor, for damages to the leased premises caused by Susson. The wording of the "Deposit" and "Surrender" provisions also modifies the language of the waiver provision so that it must be interpreted to impose liability on Susson when a fire on the leased premises results from the negligent actions of Susson or its agents. Absent an unequivocal statement of an intention to waive the lessor's right to recovery on the lessee's negligent conduct, ISLIC argues that Louisiana law presumes that the waiver provision does not relieve lessee from liabilities for its own negligence. Therefore, because employee Virgillio's negligence in removing the fixtures caused the fire, Susson is responsible for the damage to the units under the lease and is not released from liability under the waiver provision. In addition, ISLIC argues that the joint venture between Susson and H.G.P. does not make H.G.P. a successor or assign to Susson's rights under the lease because the joint venture contract did not explicitly state such an intention.

ISLIC further contends that the waiver provision in the lease does not extend to Susson's officers and employees because the

4

lease does not contain language referring to officers, agents, employees or servants of the lessee. Therefore, Virgillio's individual liability for his negligent conduct in causing the fire damage to the condominium units is not affected by the waiver provision because he is an employee, not a named insured.

We find the reasoning of the Louisiana Supreme Court in *Home Ins. Co. of Illinois v. National Tea Co.,* 588 So.2d 361 (La.1991), applies in this case. The language of the waiver provision expressly requires the lessor to provide fire insurance, and it states that the lessor "assumes all risk of damage" arising from any insured risk. It seems apparent that "[a]s plainly expressed in the lease, the parties' clear intent was to shift the risk of fire loss to Lessor's fire insurer." *Home Ins. Co.,* 588 So.2d at 364. Even if the fire was caused by the negligent acts of Susson, it does not shift the burden of risk back to Susson because Security Homestead assumed all risk of damage arising from any insured risk. That risk includes the risk of damage arising from Susson's negligence in causing a fire. *Id.*[1]

As for the successor issue, the Louisiana Supreme Court held in *Woodlawn Park Ltd. v. Doster Constr. Co., Inc.,* 623 So.2d 645, 648 (La.1993), that if the agent enters into a contract for the benefit of an undisclosed principal, the principal may be held

---

[1]We have previously held that Louisiana law does not require an unequivocal statement of an intention to waive a lessor's rights to recovery on a lessee's negligent conduct. See *In re Incident Aboard the D/B Ocean King,* 758 F.2d 1063, 1068 (5th Cir.1985) (Louisiana law does not require the "magic words" in order for an indemnity provision to cover the indemnitee's own negligence).

5

liable under the contract. The joint venture between Susson and H.G.P. to open Club Daiquiris ratified the lease between Security Homestead and Susson once monthly rental payments were continued by the product of the joint venture. At that point, the joint venture became the successor of Susson. Therefore, we hold that the district court did not err in concluding that the waiver provision in the lease bars a claim by Security Homestead's fire insurer, ISLIC, against Susson or its succeeding joint venture with H.G.P.[2]

The waiver provision in the lease between Security Homestead and Susson, however, does not apply to the officers or employees of Susson. The release provision in *Home Ins. Co.* explicitly stated that the lessor would "release and discharge the Lessee, its agents, successors and assigns from any and all claims and damages whatsoever from any cause resulting from or arising out of any fire...." *Home Ins. Co.*, 588 So.2d at 363. In this case, the waiver provision of the lease between Security Homestead and Susson fails to include any language referring to agents, employees, servants or officers. Therefore, we hold that the waiver provision does not apply to Susson or its successor's employees or officers because the lease fails to explicitly include employees, agents,

---

[2]While the waiver provision of the lease allocates the liability for damage caused by fire as between Security Homestead and Susson, it does not allocate liability as between Security Homestead and any third parties. Neither does the waiver provision, nor any other provision in the lease, indemnify Susson for claims of others who were damaged by Susson's negligent acts. *Home Ins. Co.*, 588 So.2d at 366. Therefore, the waiver provision does not affect the subrogation rights of ISLIC with regard to the condominium unit owners who were not parties to the lease between Security Homestead and Susson.

servants, or officers in the language of the waiver provision.

## CONCLUSION

We therefore REVERSE and REMAND the district court's ruling with regard to the applicability of the waiver provision in the lease between Security Homestead and Susson.  We AFFIRM the ruling in all other respects.