ROBERT MUNSTERMAN et al., Plaintiffs-Appellants, v. ILLINOIS
AGRICULTURAL AUDITING ASSOCIATION et al., Defendants-Appellees.

Third District    No. 81-660

Opinion filed May 12, 1982.

James Wylder, of James Walker, Ltd., of Bloomington, for appellants.

Gary D. Nelson, William J. Voelker, and Judith A. Schieber, all of Heyl,
Royster, Voelker & Allen, of Peoria, for appellees.

JUSTICE HEIPLE delivered the opinion of the court:

Robert Munsterman, and Arthur and Kenneth Brutlag, plaintiffs, sold
or stored grain at an elevator in Crescent City, Illinois, prior to May 8,
1972. That elevator was owned and operated by the Crescent City
Farmer's Grain Company (the Company). In 1967, the Company ex-

ecuted a written agreement with the defendant, Illinois Agricultural Auditing Association (IAAA) whereby IAAA would audit the Company's elevator accounts in return for compensation. That contract included warranties that IAAA would discharge its audits in a competent manner. Illinois Agricultural Association (IAA), the other defendant, is the parent company and majority stockholder of IAAA.

From 1967 to 1971, IAAA published annual reports on their audits of the Company. These reports indicated the Company was fiscally sound. Similar appraisals by IAAA personnel echoed at the Company's annual meetings. By May 8, 1972, however, the Company was insolvent. It could not discharge its financial or commodity obligations to its agricultural customers.

On November 23, 1973, a class action suit was filed in Ford County against defendants for the economic losses suffered by those persons trading with the Company. Plaintiffs here were not individually named in that suit. The class action was stricken on September 6, 1974; whereupon the action was amended on behalf of other individual plaintiffs (not the plaintiffs in the instant case). That litigation languished until April 27, 1977, when it was transferred to Iroquois County on stipulation of the parties. On October 7, 1977, that suit was dismissed.

On January 16, 1979, plaintiffs filed the instant action. Defendant filed a motion to dismiss the cause, maintaining plaintiffs were barred by the statute of limitations. The circuit court agreed, dismissing the complaint on February 22, 1980. On June 1, 1981, plaintiffs filed an amended complaint. The defendants reasserted that the action was barred by the statute of limitations and moved for judgment on the pleadings. The Circuit Court of Iroquois County dismissed the amended complaint with prejudice on October 9, 1981. Plaintiffs appeal.

Plaintiffs contend the five-year statute of limitations on oral contracts was suspended by the filing of a class action wherein they were a represented party. Alternatively, they argue the 10-year statute of limitations (Ill. Rev. Stat. 1979, ch. 83, par. 17) pertaining to written contracts is applicable, since they are third-party beneficiaries to the written agreement between the Company and IAAA. Plaintiffs rely on *Allen v. McWilliams Electric Co.* (N.D. Ill. 1980), 494 F. Supp. 53. We disagree.

■■ Our Limitations Act provides the time period for enforcement of an unwritten contract is five years after the date on which the cause of action accrued. (Ill. Rev. Stat. 1979, ch. 83, par. 16.) The parties agree that any cause of action accrued on May 8, 1972, the date of the Company's insolvency. The auditing agreement between the Company and IAAA for auditing services does not identify plaintiffs to it. A contract is in writing as to a party only if he can be ascertained as a party from such agreement. (*Railway Passenger & Freight Conductors' Mutual Aid & Benefit Associ-*

*ation v. Loomis* (1892), 142 Ill. 560, 567.) None of the plaintiffs are named parties to the contract. They can only be ascertained as beneficiaries or third parties to such agreement by resort to parol evidence. Hence, the contract is wholly oral as to them. (*Wielander v. Henich* (1965), 64 Ill. App. 2d 228, 231-33.) For limitation purposes, because the contract is unwritten, the five-year statute applies. *Matzer v. Florsheim Shoe Co.* (1971), 132 Ill. App. 2d 470, 472.

■■ The *Allen* court found the 10-year statute applicable in a Federal employer/employee labor contract dispute even though the employees were not named in the contract. That court, in applying what it perceived to be Illinois law, held the plaintiffs were sufficiently identified to the contract by the term "* * * employee * * *." If *Allen* is based on Illinois law, it is incorrectly decided. No other Illinois reviewing court has followed it. Neither will we. The fact a party benefits from a contract does not transpose an unwritten contract into an executed one, for limitation purposes, where the party seeking to enforce that agreement is unnamed and unidentified to such pact. (*E.g., Pratl v. Hawthorn-Mellody Farms Dairy, Inc.* (1977), 53 Ill. App. 3d 344, 347.) The parties to such a contract must be, at least, named if the 10-year statute is to be applied. *Wielander v. Henich.*

■■ Secondly, the gravamen of plaintiffs' amended complaint sought to sustain a cause of action based on tortious misrepresentation. Such an action sounds in tort. It is governed by the five-year limitations provision. *Chicago Park District v. Kenroy, Inc.* (1980), 78 Ill. 2d 555, 560-61.

■■ Absent some event, statutory provision, or personal disability tolling the five-year statute, plaintiffs' cause of action became unenforceable on May 8, 1977. Plaintiffs say the filing of the Ford County class action on November 23, 1973, suspended the operation of the limitations statute while the cause was pending. (*Steinberg v. Chicago Medical School* (1977), 69 Ill. 2d 320, 342, citing *American Pipe & Construction Co. v. Utah* (1974), 414 U.S. 538, 554, 38 L. Ed. 2d 713, 727, 94 S. Ct. 756, 766.) We agree. But we note plaintiffs did not file an individual action on or before the class action suit was filed. And, we observe the class action suit was dismissed on September 6, 1974, nine months and 14 days after being filed. The limitations period began to run again when the class action was terminated on September 6, 1974. Thus, plaintiffs' claim was not barred on May 8, 1977, but nine months and 14 days later, namely, February 22, 1978. Plaintiffs filed the present action January 16, 1979, some 10 months after the limitations period (including the time tolled) expired. Accordingly, the trial judge correctly dismissed plaintiffs' complaint since it was time-barred.

The *American Pipe* case is instructive. In that cause a class action suit was filed 11 days before the statute of limitations expired on causes of

action of nonparty members of the class. After the limitations period expired, the trial court refused to certify the class, thereby stripping the class members of standing to proceed with their complaint. Eight days after the entry of that order, nonparty members of the defunct class sought to intervene. The United States Supreme Court held the statute of limitations was tolled for those nonparties while the class action was being litigated, at least as to the nominal plaintiff's authority to proceed as a class. The statute of limitations commenced running immediately after the trial court refused to certify the class. Thus, those nonparty members who sought intervention within 11 days from that order were not time-barred from seeking to enforce their remedies. (Compare with *United Airlines, Inc. v. McDonald* (1977), 432 U.S. 385, 394, 53 L. Ed. 2d 423, 432, 97 S. Ct. 2464, 2470.) We adhere to the reasoning of *American Pipe*.[1]

Plaintiffs say *Steinberg v. Chicago Medical School* goes further. Namely, the Ford County class action, although not certified as such, tolled the statute of limitations until the individual action was dismissed on October 7, 1977. In short, plaintiffs say, *Steinberg* suspends and ultimately extends the limitations period for the purpose of filing independent actions. We think not.

*Steinberg* held the filing of a class action suit suspended the limitations period for all members of the class in the class action itself. The record indicates the plaintiffs did not intervene once the class action in Ford County was terminated. They did not do anything until January 16, 1979. Because of this failure to assert their rights on or before February 22, 1978, plaintiffs were barred from seeking to enforce their remedy on January 16, 1979.

For the reasons stated, the judgment of the Circuit Court of Iroquois County is hereby affirmed.

Affirmed.

ALLOY and SCOTT, JJ., concur.

---

[1] We realize *American Pipe* addressed a Federal statute in the context of Rule 23 of the Federal Rules of Civil Procedure. Nonetheless, the reasoning is persuasive in view of the adaptation of the Illinois class action rule (Ill. Rev. Stat. 1979, ch. 110, par. 57.2) which is modelled, in large part, on the Federal rule. Ill. Ann. Stat., ch. 110, par. 57.2, Supplement to Historical and Practice Notes, at 132-36 (Smith-Hurd Supp. 1981-1982).