DAVID REID, Plaintiff-Appellee and Cross-Appellant, v. RAYMOND WELLS, JR., *et al.*, Defendants-Appellants and Cross-Appellees.

Third District No. 3—98—1035

Opinion filed November 19, 1999.—Rehearing denied December 21, 1999.

Edward R. Jaquays, of Joliet, for appellants.

Bruce L. Zumstein, of Codo, Bonds, Zumstein & Konzelman, and Ira B. Goldstein, of Ira B. Goldstein, Ltd., both of Joliet, for appellee.

JUSTICE BRESLIN delivered the opinion of the court:

Plaintiff David Reid filed suit against defendants Raymond and Suzanne Wells claiming that the defendants breached a loan agreement. The defendants filed a counterclaim against Reid alleging that he breached a separate oral partnership agreement. The trial court dismissed the defendants' counterclaim, finding that it was barred by the statute of limitations. Subsequently, the jury found in favor of Reid, awarding him $192,500. On appeal the defendants argue, among other things, that Reid's cause of action is barred by the five-year statute of limitations for unwritten contracts because Reid's name did not appear on the contract. Reid cross-appeals for interest on his judgment. Based on the following discussion, we affirm and hold that an undisclosed principal steps into the shoes of his agent for the purposes of the statute of limitations.

## FACTS

The defendants entered into a loan agreement (loan or loan agreement) with Bob White in which the defendants acknowledged the receipt of $175,000 and agreed to pay back this amount in 6 months plus 10% interest for a total of $192,500. As security for the loan, the defendants agreed to make White a joint tenant of six parcels of real estate that they owned.

After Reid filed suit, the defendants moved for summary judgment, arguing that, because Reid was not a named party to the agreement, the 5-year and not the 10-year statute of limitations should apply. 735 ILCS 5/13—205, 13—206 (West 1998). The parties agreed that if the five-year statute applied then the suit would have been time-barred. The court denied the defendants' motion.

The defendants then filed a counterclaim against Reid alleging that they had entered into an oral partnership agreement with Reid for the purchase and subsequent sale of various parcels of real estate (Mound Road Property). The trial court found that their counterclaim was barred by the five-year statute of limitations and granted Reid's motion to dismiss for that reason. Subsequently, the case proceeded to trial on Reid's breach of contract claim.

The defendants testified that the debt created by the loan agreement had been satisfied by an oral agreement in which they agreed to transfer stock in Advanced Water Technology, Inc. (water company), a company owned by them, to Reid and/or White. The defendants claimed that this oral agreement was entered into prior to the due date on the loan. They also claimed that as a result of the oral agreement the deeds being used as security for the loan were returned to them.

Following the close of evidence, the jury returned a verdict in favor of Reid in the amount of $192,500 ($175,000 plus 6 months' interest at 10%). The defendants appeal, claiming that (1) Reid's attempt to enforce the loan agreement was barred by the five-year statute of limitations; (2) any oral agreement in effect between Reid and the defendants was likewise barred by the five-year statute of limitations; (3) the trial court committed several errors in evidentiary rulings the cumulative effect of which was to deny the defendants a fair trial; and (4) the trial court erred in dismissing the defendants' counterclaim concerning the oral partnership agreement for the Mound Road Property based on the five-year statute of limitations. Reid cross-appeals for interest on the judgment.

Other facts relevant to this appeal will be related as they become necessary to the discussion.

## ANALYSIS

### Statute of Limitations

The defendants assert that, because Reid is not named in the loan agreement, his cause of action is barred under the five-year statute of limitations. We disagree.

■ When an agent fails to disclose that he is acting for a principal, the latter may, on a showing of the agency, claim the benefit of any transaction into which the agent entered as if the principal had entered into it himself. *O'Connor v. Village of Palos Park*, 31 Ill. App. 3d 528, 333 N.E.2d 276 (1975). See also *Brunswick Leasing Corp. v. Wisconsin Central, Ltd.*, 136 F.3d 521 (7th Cir. 1998) (generally, an undisclosed principal may step into the shoes of his agent and assume all the rights and obligations of a contract that the agent had entered into on the undisclosed principal's behalf).

It is clear from the record that the jury was presented with evidence of an agency relationship between Reid and White in the form of extensive testimony by both gentlemen. Given the jury's province to determine the credibility of witnesses (see *Moss v. Miller*, 254 Ill. App. 3d 174, 625 N.E.2d 1044 (1993)), we cannot say that a finding of agency was against the manifest weight of the evidence. The sole question then is whether, through this agency relationship, Reid stepped into the shoes of White for the purposes of the statute of limitations.

■ Our Limitations Act provides that the time period for enforcement of an unwritten contract is five years after the date on which the cause of action accrued. 735 ILCS 5/13—205 (West 1998). The time period for filing a suit based on a written contract is 10 years after the date on which the cause of action accrued. 735 ILCS 5/13—206 (West 1998).

In *Jovan v. Starr*, 87 Ill. App. 2d 350, 231 N.E.2d 637 (1967), the plaintiff brought suit against his former agent and an escrowee with whom the agent had deposited a sum of money. The written agreement upon which the plaintiff sought to recover the deposit did not mention the plaintiff. As in this case, part of the defendants' argument for applying the 5-year instead of the 10-year statute of limitations was that the agreement did not refer to the plaintiff. In holding that the 10-year statute of limitations applied, the appellate court stated that the fact the plaintiff is not mentioned in the agreement is immaterial. *Jovan,* 87 Ill. App. 2d at 353, 231 N.E.2d at 639. We believe that *Jovan* is on point and expressly apply its holding here.

In opposition to this conclusion, the defendants cite *Munsterman v. Illinois Agricultural Auditing Ass'n*, 106 Ill. App. 3d 237, 435 N.E.2d 923 (1982), for the proposition that a contract is only in writing as to a party if he can be ascertained as a party from the face of the agreement. We, however, believe the factual situation presented by *Munsterman* is inapposite to the facts at hand.

In *Munsterman*, the plaintiffs were a group of farmers who had stored their grain in an elevator owned by a company that had contracted with an auditing association to provide the company with annual fiscal reports. The contract included warranties that the association would undertake its audits in a competent manner. While the association's reports indicated that the company was fiscally sound, in actuality the company had become insolvent. Over five years after the company's insolvency became known, the plaintiff farmers filed suit against the auditing association pursuant to the contract warranties. In dismissing the action, the trial court relied on the five-year statute of limitations for suits based on unwritten contracts. The appellate court affirmed, finding that the contract was wholly oral as to the plaintiffs because they could "only be ascertained as beneficiaries or third parties to [the] agreement by resort to parole evidence." *Munsterman*, 106 Ill. App. 3d at 238-39, 435 N.E.2d at 925.

Unlike the *Munsterman* plaintiffs, Reid argues that he is an undisclosed principal. An undisclosed principal is in a fundamentally different position than a third party to a contract. For example, whereas an undisclosed principal may step into the shoes of his agent and assume all the rights and obligations of a contract that the agent has entered into on the undisclosed principal's behalf (*Brunswick*, 136 F.3d at 526), third parties are not afforded such a right. In fact, Illinois law provides that there is a strong presumption that the parties to a contract intend the provisions of that contract to apply only to them and not to third parties. *Barney v. Unity Paving, Inc.*, 266 Ill. App. 3d 13, 639 N.E.2d 592 (1994). In order for a plaintiff third party to have

standing to sue under a contract, the contract must be undertaken for the plaintiff's direct benefit and the contract itself must affirmatively make this intention clear. *Caswell v. Zoya International, Inc.*, 274 Ill. App. 3d 1072, 654 N.E.2d 552 (1995).

In light of *Jovan* and given the factual dissimilarity of *Munsterman*, we believe the trial court correctly found that Reid's suit against the defendants based on the loan agreement was not barred by the five-year statute of limitations.

For the reasons stated above, the judgment of the circuit court of Will County is affirmed.

Affirmed.

HOLDRIDGE, P.J., and LYTTON, J., concur.