2015 IL App (1st) 140356

FIRST DIVISION
SEPTEMBER 14, 2015

No. 1-14-0356

| | | |
|---|---|---|
| DANIEL and DENISE MABRY; DAVID and DANETTE COOPER, | ) | |
| | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiffs, | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | |
| VILLAGE OF GLENWOOD, | ) | |
| | ) | |
| Defendant-Appellee | ) | |
| | ) | |
| (Latasha Baker; Sandra Brown; Claudette Burchett; Lillian | ) | |
| Cann; Sandra Chapman; Cathie Cranfield; Kerry Durkin; Gwen | ) | |
| Durkin; Robert Farr; Rochelle Farr; Kevin Holliday; Tasha | ) | |
| Holliday; Cornelius Jones; Robyn Jones; Latanya Jones; | ) | |
| Dwayne Lockette; Carolyn Lockette; Maria Lopez; Patricia | ) | |
| Moore; Antionne Davis; Barbara Pawlowski; Shirley Richmond; | ) | |
| Janice Rockette; Harold Ross; Vanessa Ross; John Stehle; | ) | |
| Marjorie Reckley; Yvonne Williams; Arthur Wynn; Carmela | ) | Honorable |
| Wynn; Thomas Yuskus; and Barbara Yuskus, | ) | Rodolfo Garcia, |
| | ) | Judge Presiding. |
| Intervening Plaintiffs-Appellants). | ) | |

JUSTICE CUNNINGHAM delivered the judgment of the court, with opinion.
Justices Connors and Harris concurred in the judgment and opinion.

**OPINION**

¶ 1    This appeal arises from the December 17, 2013 order of the circuit court of Cook County which dismissed as time-barred the claims filed by 32 individual plaintiffs who intervened (intervening plaintiffs) into a negligence action filed against the defendant, Village of Glenwood (Glenwood).  On appeal, the intervening plaintiffs argue that their claims were timely because

they were tolled by the application of: (1) the relation back doctrine; (2) the equitable tolling doctrine; or (3) the class action tolling rule. For the following reasons, we reverse the judgment of the circuit court of Cook County.

¶ 2                                    BACKGROUND

¶ 3      On April 16, 2007, plaintiffs Daniel and Denise Mabry, and David and Danette Cooper (collectively, Mabry-Cooper) filed a proposed class action complaint against Glenwood and seven other defendants.[1] The complaint alleged that Mabry-Cooper had suffered property damage after a heavy rainstorm caused sewage and sewer water to back up into their residences on April 16, 2006. Mabry-Cooper brought the claim on their own behalf and as representatives of a purported class constituting all Glenwood residents who had suffered similar property damages as a result of the sewer backup.

¶ 4      The original complaint contained seven counts, all but one of which was brought against all of the defendants.[2] On August 28, 2007, after several named defendants each filed a motion to dismiss the claims against them, the circuit court, on Mabry-Cooper's own motion, entered an order dismissing without prejudice the claims against all of the defendants except for Glenwood. Thus, the case proceeded with only Mabry-Cooper's counts against Glenwood.

---

[1]Mabry-Cooper's original complaint also named as defendants the Metropolitan Water Reclamation District of Greater Chicago; the Thorn Creek Basin Sanitary District; Cook County; the Cook County Highway Department; the Forest Preserve District of Cook County; the Illinois Department of Transportation; and the State of Illinois.

[2]Count I alleged that all of the defendants, except for the State of Illinois and the Illinois Department of Transportation, were "sanitary districts" subject to the provisions of 70 ILCS 2605/19; count II alleged a claim of common law trespass; count III alleged an action for common law nuisance; count IV was an action for negligence relying on the doctrine of *res ipsa loquitur*; count V alleged negligent operation of the sewer system; count VI alleged negligent design of the sewer system; count VII alleged a taking of Mabry-Cooper's property without just compensation, in violation of the rights established under article I, section 15 of the Illinois Constitution. Ill. Const. 1970, art. I, § 15.

¶ 5    On November 13, 2007, Glenwood filed a motion which was brought under both sections 2-615 and 2-619 of the Illinois Code of Civil Procedure (Code) (735 ILCS 5/2-615, 2-619 (West 2006)) to dismiss Mabry-Cooper's complaint.  On April 28, 2008, Mabry-Cooper filed a first amended complaint, which alleged only two counts, common law trespass and negligent operation of the sewer system, against Glenwood.[3]  On June 11, 2008, Glenwood filed an answer to the first amended complaint and also filed a section 2-619 motion seeking partial dismissal. On July 30, 2008, following the suggestion of the circuit court, Glenwood filed a motion for judgment on the pleadings, which realleged the arguments contained in its June 11, 2008 section 2-619 motion.  On December 3, 2008, the circuit court entered an order which struck parts of Mabry-Cooper's prayer for relief, denied Glenwood's motion to dismiss based on the public duty doctrine, and granted Glenwood leave to raise the public duty doctrine as an affirmative defense. On December 12, 2008, Glenwood filed its amended affirmative defenses to Mabry-Cooper's first amended complaint.  Subsequently, both parties engaged in a series of pretrial conferences.

¶ 6    On June 28, 2010, the circuit court ordered the parties to confer on an agreed order to establish a discovery schedule in response to Mabry-Cooper's impending filing of a motion to certify the class.  The parties then established the schedule and began conducting discovery. However, Mabry-Cooper did not file a motion to certify the class.  On March 1, 2013, the circuit court granted Mabry-Cooper leave to file another amended complaint "naming all plaintiffs."

¶ 7    On March 28, 2013, Mabry-Cooper filed a second amended complaint against Glenwood, alleging common law trespass and negligent operation of the sewer system.  The second amended complaint withdrew the class action allegations and added the 32 intervening plaintiffs.

---

[3]Mabry-Cooper did not rename the seven other defendants from the original class action complaint.

On April 30, 2013, Glenwood filed a section 2-619 motion to dismiss, requesting the circuit court to dismiss the claims of the intervening plaintiffs with prejudice on the grounds that each of their claims was barred by the statute of limitations. In the motion, Glenwood argued that the intervening plaintiffs' claims were governed by section 8-101(a) of the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (745 ILCS 10/8-101(a) (West 2012)), which bars any claim filed against a governmental entity that is not brought within one year of the date on which the cause of action accrued. Glenwood claimed that, because the intervening plaintiffs' claims accrued on April 16, 2006 at the onset of the flooding and property damage to their homes, any claims which they filed subsequent to April 16, 2007 were time-barred. Further, Glenwood acknowledged that there is a class action tolling rule which states that an applicable statute of limitation is tolled for all members of the asserted class who would be parties where the lawsuit is allowed to continue as a class action. However, Glenwood argued that in Illinois the class action tolling rule applies only where the named plaintiffs seek certification of the purported class "as soon as practicable" after the original complaint is filed. Thus, Glenwood claims, because Mabry-Cooper did not move to certify the class as soon as practicable after their proposed class action lawsuit was filed, the tolling rule did not preserve the claims of the intervening plaintiffs.

¶ 8    On June 6, 2013, Mabry-Cooper and the intervening plaintiffs filed a response to Glenwood's motion to dismiss the claims of the intervening plaintiffs. The response noted that Illinois courts often require named plaintiffs to exercise "due diligence" in seeking class certification but argued that, in this instance, the class action tolling rule still applied. Therefore, they argued, the claims of the intervening plaintiffs were not time-barred. Mabry-Cooper and the intervening plaintiffs further claimed that part of the reason for their failure to move for class

certification arose from various dilatory techniques on the part of Glenwood.

¶ 9     On December 17, 2013, the circuit court granted Glenwood's motion to dismiss the claims of the intervening plaintiffs as time-barred under section 8-101(a) of the Tort Immunity Act. *Id*. Additionally, the court held that the class action tolling rule did not apply even though Mabry-Cooper timely filed their original class action complaint because Mabry-Cooper's proposed class was never certified. Because the individual claims of Mabry-Cooper against Glenwood remain pending in the circuit court, the circuit court's December 17, 2013 order certified that there was no just reason to delay enforcement or appeal of the order.

¶ 10    On January 16, 2014, the intervening plaintiffs filed a timely notice of appeal. Accordingly, this court has jurisdiction pursuant to Illinois Supreme Court Rule 304(a) (eff. Feb. 26, 2010).

¶ 11                                    ANALYSIS

¶ 12    We note that, as this appeal comes from the granting of a motion to dismiss, our standard of review is *de novo*. *Haber v. Reifsteck*, 359 Ill. App. 3d 867, 868 (2005).

¶ 13    On appeal, the intervening plaintiffs argue that the circuit court erred in granting Glenwood's motion to dismiss. In support of this contention, the intervening plaintiffs present three arguments as to why their claims were not time-barred under the Tort Immunity Act. The intervening plaintiffs allege that their claims were preserved due to the application of (1) the relation-back doctrine; (2) the equitable tolling doctrine; or (3) the class-action tolling rule.

¶ 14    Section 8-101(a) of the Tort Immunity Act provides that "[n]o civil action *** may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued." 745 ILCS 10/8-101(a) (West 2012). Neither party disputes that Glenwood is a local

entity subject to the provisions of the Tort Immunity Act. Accordingly, absent the application of some tolling principle, the claims of Mabry-Cooper and the intervening plaintiffs became time-barred one year after their causes of action accrued.

¶ 15    First, we find that because the intervening plaintiffs did not raise either of the first two arguments in the circuit court, those claims for relief are forfeited. It is a well-settled principle that arguments not raised before the circuit court are forfeited and cannot be raised for the first time on appeal. *Village of Roselle v. Commonwealth Edison Co.*, 368 Ill. App. 3d 1097, 1109 (2006).

¶ 16    Even if not forfeited, neither argument is well-founded. The equitable tolling doctrine serves to toll the relevant statute of limitations in only three circumstances: (1) where the defendant actively misled the plaintiff; (2) where the plaintiff was prevented from asserting his or her rights in some extraordinary way; or (3) where the plaintiff mistakenly asserted his or her rights in the wrong forum. *Clay v. Kuhl*, 189 Ill. 2d 603, 614 (2000). These circumstances are not applicable here.

¶ 17    Additionally, no case in Illinois has ever applied the doctrine of relation back to a case such as this. The intervening plaintiffs cite to no case from this state, or any other, in which a court has related the post-limitation period filing of a complaint by one individual plaintiff back to the timely filing of a different complaint by a different individual plaintiff against the same defendant. Accordingly, had the first two arguments not been forfeited, they would still not be applicable here. Consequently, resolution of this appeal turns on whether the class action tolling rule applied to the case at bar.

¶ 18    In *American Pipe & Construction Co. v. Utah*, the United States Supreme Court established the class action tolling rule and held that "the commencement of a class action

suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action."  414 U.S. 538, 554, (1974).  Further, in *American Pipe*, the supreme court specified that the rule applied to cases in which "class action status [was] denied solely because of failure to demonstrate that 'the class is so numerous that joinder of all members is impracticable,' " in accordance with the requirements of the Federal Code of Civil Procedure (Fed. R. Civ. P. 23(a)).  *Id*. at 552-53.

¶ 19    In *Steinberg v. Chicago Medical School*, our supreme court subsequently established the same rule and cited to *American Pipe* for support.  69 Ill. 2d 320, 342-43 (1977).  However, in *Steinberg*, the class action tolling rule was not so narrowly tailored.  Instead, our supreme court held that a proposed class action tolled the statute of limitations for members of the proposed class where the circuit court granted the defendant's motion to dismiss the proposed class action complaint for failure to state a claim.  *Id*. at 342.  Our supreme court ultimately reversed that dismissal and remanded the cause to the circuit court for the typical pretrial determinations necessary to the continued maintenance of a lawsuit as a class action.  *Id*. at 342-43.  In doing so, the court reiterated *American Pipe*'s holding in asserting that "commencement of the class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit continued as a class action."  *Id*. at 342.

¶ 20    In *Crown, Cork & Seal Co. v. Parker*, the United States Supreme Court subsequently clarified and expanded the *American Pipe* tolling protection to include plaintiffs filing either individual claims or those seeking to intervene once the circuit court denied class certification.  462 U.S. 345 (1983).  There, class certification of the original lawsuit was denied because the named plaintiffs' claims were not typical of those of the class, the named plaintiffs would not be adequate representatives, and the class was not so numerous as to make joinder impracticable.

*Id*. at 347-348. Following the denial of class certification, several additional plaintiffs filed their own individual actions against the same defendant, which were dismissed as time-barred. *Id*. at 348. Despite this, and because the additional individual plaintiffs would have been a member of the putative class had it been certified as such, the supreme court held that "[o]nce the statute of limitations has been tolled, it remains tolled for all members of the putative class until class certification is denied. At that point, class members may choose to file their own suits or to intervene as plaintiffs in the pending action." *Id*. at 354.

¶ 21    In *Munsterman v. Illinois Agricultural Auditing Ass'n*, this court, adhering to the reasoning and holding in *American Pipe*, held that the filing of a proposed class action tolled the statute of limitations until the day on which the named plaintiffs dropped the class action allegations and filed an amended complaint naming each plaintiff individually. 106 Ill. App. 3d 237, 240 (1982). There, in *Munsterman*, a proposed class action complaint was filed prior to the expiration of the relevant five-year statute of limitations period. *Id.* at 238. The named plaintiffs subsequently abandoned the class action allegations and filed an amended complaint, naming themselves and several other intervening plaintiffs individually, which itself was eventually dismissed years later. *Id.* Following this dismissal, a new group of plaintiffs, none of whom had been named in the original class action complaint or as intervenors in the amended complaint, filed their own separate claims. *Id.* On appeal from the dismissal of their complaint as time-barred, the new plaintiffs claimed that the class action tolling rule served to toll the limitations period until the eventual dismissal of the amended complaint to which they were never parties. *Id.* at 240. The *Munsterman* court disagreed. Instead, the court found that the rule did toll the statute of limitations for any subsequent intervenors or individual claims, but that it did so only until the day on which the original named plaintiffs dropped their class action allegations and

proceeded as individual plaintiffs. *Id.* at 239-40. Accordingly, the new plaintiffs' claims were time-barred as they were filed long after the voluntary dismissal of the original plaintiffs' proposed class action complaint and after the tolled statute of limitations period had expired. *Id.*

¶ 22    Later, this court applied the class action tolling rule in *Hess v. I.R.E. Real Estate Income Fund, Ltd.*, 255 Ill. App. 3d 790 (1993). In *Hess*, twelve consolidated appeals arose from violations of the Illinois Securities Law of 1953, which required all persons selling securities to register with the Secretary of State. *Id.* at 793-94 (citing Ill. Rev. Stat. 1985, ch. 121½, ¶ 137.8A). Plaintiff Hess had purchased securities from defendant I.R.E. through unregistered brokers. *Id*. at 794. Consequently, Hess brought a proposed class action claim on behalf of all persons who had purchased securities from the unregistered brokers against I.R.E. and 15 other defendants who had used the services of those brokers. *Id.* Following this, the circuit court dismissed the class action complaint for lack of standing, as Hess had dealt with only defendant I.R.E. and not the other 15 defendants. *Id.* In response, Hess joined additional plaintiffs who had purchased securities from the other 15 defendants and filed an amended class action complaint. *Id.* at 794-95. The circuit court again dismissed the class allegations for lack of standing. *Id.* at 795. Subsequently, Hess and 11 other plaintiffs filed individual actions against the defendants. *Id.* The circuit court then ordered several defendants to repurchase the securities which they had sold to specific plaintiffs, including Hess who had filed her original claim within the statutory limitations period. *Id*. at 796. Additionally, the circuit court dismissed the claims of the remaining plaintiffs who had not brought their claims within the statutory limitation period, holding that the pendency of Hess' class action claims did not serve to toll the limitation period. *Id.*

¶ 23    On appeal, the defendants claimed that the general rule of class action tolling did not

apply where the class action complaint was dismissed because the named plaintiff lacked standing. *Id.* at 808. In response, the plaintiffs argued that the tolling rule applied where a named plaintiff had standing with respect to *some* but not all defendants. *Id.* Relying on cases in other states on this issue, this court held that where a class action complaint is dismissed because the named plaintiff lacks standing, application of the class action tolling rule should be decided on a case by case basis with the court "weigh[ing] the interests that will be served by the application of the tolling rule against the potential for abuse." *Id.* In doing so, the court held that because Hess' lack of standing as to any defendant other than I.R.E. was apparent on the face of the complaint, it was unreasonable for absent class members to rely on an obviously defective class action lawsuit to protect their rights. *Id.* at 810. Thus, this court found that allowing application of the tolling rule would invite abuse by parties "attempt[ing] to use the class action device to preserve the rights of potential plaintiffs who were sleeping on their rights." *Id.* The court weighed this potential for abuse against the "comparatively small burden" of requiring the inclusion of a named plaintiff with standing as to each alleged defendant. *Id.* at 811. Accordingly, because Hess had standing as to defendant I.R.E., this court held that the class action tolling rule served to protect only the claims of any plaintiff who had been injured by defendant I.R.E. *Id.*

¶ 24    Later, in *Portwood v. Ford Motor Co.*, our supreme court once again discussed the class action tolling rule. 183 Ill. 2d 459 (1998). There, a group of plaintiffs filed a complaint in the United States District Court for the District of Columbia seeking certification of a nationwide class action against defendant Ford Motor Company. *Id.* at 461. Thereafter, the district court initially certified a class action but that determination was reversed on appeal. *Id.* On remand, the district court denied certification of the class and dismissed the plaintiffs' individual claims.

*Id.* at 462. Exactly one year after this dismissal, plaintiffs filed a proposed class action in the circuit court of Cook County alleging a similar purported class, similar claim for relief, and featuring 47 named plaintiffs who had also been named during the pendency of the dismissed federal court class action. *Id.* On appeal from the circuit court's dismissal of their claim as untimely, the plaintiffs claimed that the class action tolling rule served to protect their subsequently filed class action in state court because the prior class action was timely filed in federal court. *Id.* at 463. Our supreme court rejected this argument. *Id.* at 464. Our supreme court found that such "cross-jurisdictional tolling" would invite forum-shopping by plaintiffs seeking to take advantage of a generous tolling rule. *Id.* at 466. Further, our supreme court asserted that such a rule would cause considerable delays in the litigation of state class action claims and force Illinois courts to "entertain stale claims simply because the controlling statute of limitations expired while a federal court considered whether to certify a class action." *Id.* Accordingly, our supreme court held that a proposed class action timely filed in federal court did not serve to toll the statute of limitations for actions subsequently filed in our circuit courts. *Id.* at 467.

¶ 25 Applying the principles of the United States Supreme Court's holding in *American Pipe* and its progeny, as well as the holding of our supreme court in *Steinberg* and its progeny, we hold that the class action tolling rule applied to the instant case.

¶ 26 We find the *Munsterman* case particularly instructive. There, the court held that the timely filing of a proposed class action served to toll the limitations period *until the day* on which the original plaintiffs dropped their class action allegations and filed individual actions. *Munsterman*, 106 Ill. App. 3d at 240. Here, the cause of action accrued on April 16, 2006, when allegedly a heavy rainstorm caused sewage and sewer water to back up into the homes of several

residents of Glenwood, causing property damage. Mabry-Cooper filed their original proposed class action complaint on April 16, 2007, exactly one year later and before the Tort Immunity Act's limitations period expired. Thus, from that date, the statute of limitations was tolled as to all members of the putative class until the point at which class certification was denied or abandoned. On March 28, 2013, when Mabry-Cooper abandoned the class action allegations, the limitations period again started running. Since Mabry-Cooper's original proposed class action was filed with one day remaining in the limitations period, the intervening plaintiffs then had one day within which to file their intervening claims. Because Mabry-Cooper filed a second amended complaint adding the intervening plaintiffs on the *same day* that Mabry-Cooper abandoned their class action allegations, the intervening plaintiffs' claims against Glenwood were timely filed pursuant to the class action tolling rule.

¶ 27    In the case at bar, Glenwood asserts that the circuit court correctly dismissed the intervening plaintiffs' claims because Mabry-Cooper did not pursue class certification during the pendency of their proposed class action and, thus, did not meet the requirement of moving for certification "as soon as practicable" as established by the Code. Further, Glenwood argues that this failure to move for certification equates to a failure to act with "due diligence," which nullifies application of the class action tolling rule. Accordingly, Glenwood argues, Mabry-Cooper's timely filed proposed class action did not serve to toll the limitation period for the intervening plaintiffs.

¶ 28    In support of this contention, Glenwood cites to several cases, none of which concern the class action tolling rule or the necessity of "due diligence" for its application.[4]    Instead,

----

[4]See *Nelson v. Murphy*, 44 F.3d 497 (7th Cir. 1995); *Bruemmer v. Compaq Computer Corp.*, 329 Ill. App. 3d 755 (2002); *Gelb v. Air Con Refrigeration & Heating, Inc.*, 326 Ill. App.

Glenwood discusses some of the aforementioned cases which established and discussed the rule before citing to cases with wildly different factual and procedural histories to establish its asserted requirement of "due diligence."  For example, Glenwood cites to *Nelson v. Murphy* for the contention that, in class action litigation, a "[p]rompt decision one way or the other [on class certification] is imperative *** so that the parties know whose interests are at issue."  44 F.3d 497, 500 (7th Cir. 1995).  However, Glenwood fails to address the fact that the Seventh Circuit made this assertion where plaintiffs had filed two motions for class certification on which the district court failed to rule over a period of more than three years.  *Id*.  Next, Glenwood cites to *Bruemmer v. Compaq Computer Corp.*, for an example where this court stated that a plaintiff failed to act with due diligence in moving for certification. Glenwood's argument here is also misplaced.  *Bruemmer v. Compaq Computer Corp.* involves application of the class action rule that holds prospective class claims as moot where the proposed class plaintiffs have been offered a tender of the full amount of damages prior to the filing of the plaintiffs' motion to certify the class.  329 Ill. App. 3d 755, 762-63 (2002).   There, the *effect of a defendant's tender offer* relies upon whether or not the proposed class plaintiffs exercised due diligence in moving to certify the class.  *Id*. at 763.  This too is inapplicable to the case at hand.

¶ 29     Thus, none of the aforementioned cases, or any others within the State of Illinois, mention a requirement of "due diligence" in order for the protections of the class action tolling rule to take effect.  Indeed, not only is Glenwood's assertion unsupported by caselaw but it is also completely inconsistent with the principles of the cases which formulated the class action tolling rule.

3d 809 (2001); *Sommer v. United Savings Life Insurance Co.*, 128 Ill. App. 3d 808 (1984); *Smith v. Menold Construction, Inc.*, 348 Ill. App. 3d 1051 (2004); *Kemp-Golden v. Department of Children & Family Services*, 281 Ill. App. 3d 869 (1996).

¶ 30    Additionally, the circuit court dismissed the intervening plaintiffs' claims on the basis that Mabry-Cooper did not receive certification of their proposed class.   This is a clear misreading and misapplication of the class action tolling rule, the specific purpose of which is to preserve the claims of potential class plaintiffs *in the event that the class is not certified.*   At no point did the circuit court order Mabry-Cooper to move for certification.   Instead, the court ordered Mabry-Cooper and Glenwood to confer on a discovery schedule in order to prepare the motion for certification.   Moreover, the issue of class certification is "typically factual and should be decided with the benefit of discovery."   *P.J.'s Concrete Pumping Service, Inc. v. Nextel West Corp.*, 345 Ill. App. 3d 992, 1001 (2004); *Weiss v. Waterhouse Securities, Inc.*, 335 Ill. App. 3d 875 (2002).   Accordingly, even if defendant's due diligence was a requirement of the class action tolling rule, it appears reasonable that Mabry-Cooper did not move for certification during the pendency of discovery.

¶ 31    Furthermore, a reversal here is consistent with the principles of the class action tolling rule as established by *American Pipe*.   In *American Pipe*, the United States Supreme Court reasoned that a class action tolling rule is consistent with the purpose of both the class action mechanism and the relevant statute of limitations.   414 U.S. at 554.   We find this discussion instructive.   There, the Supreme Court stated that a "class action is *** a truly representative suit designed to avoid, rather than encourage, unnecessary filing of repetitious papers and motions." *Id*. at 550. The Supreme Court reasoned that, while a tolling rule would allow members of the proposed class to rely on a pending cause instead of asserting numerous individual claims, "a rule requiring successful anticipation of the determination of the viability of the class would breed needless duplication of motions." *Id*. at 553-54.

¶ 32    Moreover, the Supreme Court added that "statutory limitation periods are 'designed to

promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared.' " *Id.* at 554 (quoting *Order of R.R. Telegraphers v. Railway Express Agency, Inc.*, 321 U.S. 342, 348-49 (1944)). The Supreme Court reasoned that these ends:

> "are satisfied when, as here, a named plaintiff who is found to be representative of a class commences a suit and thereby notifies the defendants not only of the substantive claims being brought against them, but also of the number and generic identities of the potential plaintiffs who may participate in the judgment. Within the period set by the statute of limitations, the defendants have the essential information necessary to determine both the subject matter and size of the prospective litigation, whether the actual trial is conducted in the form of a class action, as a joint suit, or as a principal suit with additional intervenors." *Id.* at 554-55.

¶ 33    Similarly, we find that our decision here preserves the fundamental purpose of both the class action mechanism and the Tort Immunity Act's limitations period. Should we impose a somewhat arbitrary deadline as to when members of a purported class must either intervene or file their own protective claims, based on nothing more than the statute's ambiguous requirement that representative plaintiffs in a proposed class action must move for certification "as soon as practicable," we would encourage the duplicative filing and judicial inefficiency which the rule is designed to prevent. Moreover, doing so would establish the bright line rule which the legislature purposefully avoided in enacting such language. Additionally, the application of the tolling rule does not prejudice Glenwood or any other similarly situated defendant who receives

notice of both the size and subject matter of a potential claim by the timely filing of a proposed class action lawsuit.

¶ 34   Further, this decision is consistent with the contours of the class action tolling doctrine as established in Illinois. Mabry-Cooper's class claims against Glenwood were not dismissed for lack of standing. Their claims were not filed in federal court, thus cross-jurisdictional tolling does not apply. Additionally, the record does not indicate that Glenwood offered a full settlement tender to Mabry-Cooper, or any other named plaintiff, during the pendency of the class action and before Mabry-Cooper failed to move for certification. We decline to affirm the dismissal of the intervening plaintiffs' claims or further limit the application of the class action tolling rule, without any authority instructing us to so act.

¶ 35   Accordingly, we find that the class action tolling rule served to protect the claims of the intervening plaintiffs and that it was error for the circuit court to grant Glenwood's motion to dismiss.

¶ 36   For the foregoing reasons, we reverse the judgment of the circuit court of Cook County and remand the intervening plaintiffs' cause to the circuit court for further proceedings.

¶ 37   Reversed and remanded.